GURNEY P. HOOD, COMMISSIONER OF BANKS, v. T. E. HOLDING AND HARVEY HOLDING, ADMINISTRATOR, C. T. A.

(Filed 22 November, 1933.)

1. **Insane Persons I d—Judgment against insane person obtained without service or appearance is void and subject to collateral attack.**

A judgment against an insane person who has not been adjudged insane is voidable and not void, and cannot be collaterally attacked, and a judgment against an insane person upon a mere semblance of service may be vacated for irregularity, but a judgment against an insane person, obtained without service of process and without appearance in person or by attorney is void and may be attacked collaterally.

2. **Insane Persons I a: Process B e—Method of service on persons adjudged insane.**

Where a person has been judicially declared insane service of summons in an action against him may be made by delivering a copy of the summons to his committee or guardian and to him personally, or if no committee or guardian has been appointed, service may be made on him personally or returned without service with the statutory endorsement, but in no event can final judgment be rendered against him without adequate notice to his committee or guardian, or to his guardian *ad litem* duly appointed by the court. C. S., 451, 483 (3).

**3. Banks and Banking H a: Insane Persons I d—Statutory stock assessment against insane person is void in absence of service or appearance.**

> A statutory stock assessment levied against a stockholder in an insolvent bank who has been adjudicated a lunatic prior to the assessment, N. C. Code, 218(c) (13), such assessment having been made without service on his committee or guardian or upon a guardian *ad litem* appointed by the court, is void, and may be attacked upon his subsequent death, by his administrator by appeal to the Superior Court from such assessment.

APPEAL by plaintiff from *Harris, J.,* at September Term, 1933, of WAKE.

This is a controversy without action upon the following agreed statement of facts:

. . . (3) The Bank of Wake, a banking corporation organized under the laws of the State of North Carolina, having its principal office in Wake County, became insolvent, and Gurney P. Hood, Commissioner of Banks, took possession thereof on or about 18 December, 1931, and filed in the office of the clerk of the court of Wake County, a notice that he had so taken possession thereof as required by Consolidated Statutes, section 218(c).

(4) T. E. Holding, since deceased, was the owner of twenty-one shares of the capital stock of the said bank of a par value of $100 per share, and was the owner thereof at the time the said Gurney P. Hood, Commissioner of Banks, took possession of the said bank.

(5) After the expiration of thirty days from the date he filed notice of his taking possession of the Bank of Wake, the said Gurney P. Hood, Commissioner of Banks, docketed in the office of the clerk of the Superior Court of Wake County, in Judgment Docket 37, at page 180, a stock assessment against T. E. Holding upon his said stock in the Bank of Wake in the sum of $2,100, together with interest and costs. The said stock assessment was docketed on 29 February, 1932, and is the judgment herein appealed from.

(6) On 28 August, 1928, T. E. Holding was duly adjudged a lunatic by the clerk of the Superior Court of Wake County. He was not insane when he purchased the said stock in the Bank of Wake, which purchase was made some years prior to adjudication.

(7) On 20 January, 1933, Harvey Holding was duly appointed and qualified as administrator *cum testamento annexo* of the estate of T. E. Holding, and has served as such administrator from the said date to the present time.

(8) On 18 February, 1933, Gurney P. Hood, Commissioner of Banks, filed with the said Harvey Holding, administrator as aforesaid, his

formal proof of claim against the estate of T. E. Holding for the payment of the said stock assessment.

(9) On 1 September, 1933, Harvey Holding, administrator of the estate of T. E. Holding, as aforesaid, gave notice of appeal to the Superior Court of Wake County from the aforesaid stock assessment, and brought this appeal, no other appeal having been taken from the said judgment prior thereto.

(10) At the time the said stock assessment was docketed as above set forth T. E. Holding had been adjudged insane by the clerk of the Superior Court and was (without) general or testamentary guardian, and no guardian *ad litem* was then or has been since appointed for him in this matter.

Upon the foregoing facts the trial court held that the judgment docketed against T. E. Holding is void and ordered that it be canceled of record. The plaintiff excepted and appealed.

*Willis Smith, I Beverly Lake and John H. Anderson, Jr.,* for appellant.

*John G. Mills, Jr., and J. G. Mills* for appellee.

ADAMS, J. While of sound mind T. E. Holding purchased twenty-one shares of stock in the Bank of Wake, each of the par value of one hundred dollars. Several years afterwards (on 28 August, 1928) he was duly adjudged a lunatic and was committed to a hospital for the treatment and protection of the insane. The Bank of Wake closed its doors on 18 December, 1931, and on 29 February, 1932, the Commissioner of Banks, having taken charge of the assets, docketed in the office of the clerk of the Superior Court of Wake County a judgment in the sum of $2,100 as an assessment on the twenty-one shares of stock. T. E. Holding died 7 October, 1932, and on 20 January, 1933, Harvey Holding qualified as administrator of his estate with the will annexed. Proof of the claim was filed with the administrator on 18 February, 1933, and was disapproved. The administrator's right to contest the claim is not denied.

In the absence of statute an insane person who is not subject to the protection of a general or testamentary guardian may sue and be sued, although it is generally required that in such event he be represented at the hearing by a next friend or a guardian. *Smith v. Smith,* 106 N. C., 498; *Abbott v. Hancock,* 123 N. C., 99. Indeed, our statute provides that if a defendant in an action or special proceeding is *non compos mentis* he must defend by his general or testamentary guardian if he has one within the State, and if he has none, by a guardian *ad litem* to be appointed by the court. C. S., 451.

When the stock assessment was docketed in the Superior Court T. E. Holding was insane and was not represented by a guardian general or testamentary, or by one appointed *lite pendente*. In what respect and to what extent was he affected, if at all, by the judgment?

The banking law stipulates that at the expiration of a specified period the Commissioner of Banks may levy an assessment equal to the stock liability of each stockholder in the bank and shall file a copy of the levy in the office of the clerk of the Superior Court which, after being recorded and indexed, shall have the force and effect of a judgment of the Superior Court and shall be immediately due and payable. If the judgment is not paid the Commissioner of Banks may have an execution issued against the delinquent stockholder; but the stockholder may appeal to the Superior Court from the levy of the assessment and may have the issue raised by the appeal determined. Thereupon, the trial judge may in his discretion grant relief upon such terms as he may fix. All sums collected under the levy shall become available as general assets of the bank, and the amount remaining after liquidation shall be applied pro rata to the amounts paid in by the stockholders. Public Laws, 1927, chap. 113, sec. 1, 218(c) (13).

In *Corporation Commission v. Murphey,* 197 N. C., 42, the Court construed this statute and declared it to be valid. The statute, it was said, does not contravene the due process clause or indeed any other clause of the Federal or of the State Constitution; the stockholder is not denied the right of a hearing for the reason that before execution may be issued he may appeal from the assessment to the Superior Court of the county in which the liquidation is pending and there litigate all matters, whether of law or of fact, relating to his liability on the assessment. His appeal stays execution until final judgment is rendered. It was concluded that by this procedure the stockholder is given full opportunity to be heard before his property can be appropriated and that the assessment is not a judgment in the sense that it cannot be attacked.

The opinion was written upon the assumption that stockholders are in the normal control of their faculties and not with reference to the contingency of "a human mind in ruins." This becomes obvious by reference in the opinion to the stockholder's right to petition the judge to relieve his property of the lien pending settlement of questions raised by the appeal and to the notice of liability with which the stockholder is affected by an adjudication that the bank has become insolvent and by the filing of a copy of the assessment in the office of the clerk. The present case does not rest on this assumption. T. E. Holding did not appeal from the assessment; when it was made he was without mental capacity; he was in a hospital for treatment; he had no guardian.

The rule is substantially uniform that a judgment against an insane person not previously declared insane is not void but voidable and that it will generally be sustained when collaterally attacked. *Odom v. Riddick,* 104 N. C., 515; *Craddock v. Brinkley,* 177 N. C., 125; *Bank v. Duke,* 187 N. C., 386; *Clark v. Homes,* 189 N. C., 703; *Wadford v. Gillette,* 193 N. C., 413. But in such an instance relief may be administered when sought as between the parties by motion in the cause, or by an independent action. If there is a mere semblance of service upon a person of nonsane mind and a judgment is obtained against him "contrary to the course and practice of the court" it may be vacated on the ground of irregularity. But a judgment given without service of original or other timely process and without appearance in person or by attorney is void, and may be so regarded whenever and wherever offered. *Duffer v. Brunson,* 188 N. C., 789; *Condry v. Cheshire,* 88 N. C., 375.

In *Corporation Commission v. Murphey, supra,* it was held that an assessment cannot be made against a stockholder in an insolvent banking corporation without notice to him or without an opportunity to be heard as to the validity of the assessment; and therein is pointed out the expediency of giving actual notice of a purpose to levy the assessments.

If these safeguards are required for the protection of persons of sound mind, *a fortiori* are they essential to the protection of those who by reason of disordered mental condition are unable to protect themselves. As to the mode of service analogy may be found in the statutory method of serving a summons. If the action is against a person judicially declared to be of unsound mind or incapable of conducting his own affairs for whom a committee or guardian has been appointed a copy of the summons must be delivered to the committee or guardian and to the defendant personally. C. S., 483(3). If the declared incompetent has no committee or guardian service of notice may be made upon him personally or the notice may be returned without actual service with the endorsement required by the statute when service cannot be made without the danger of injury to him; but in no event should final judgment be rendered against him without adequate notice to his committee, or to his general or testamentary guardian, or to a guardian *ad litem* duly appointed by the court. In this case T. E. Holding was not affected by constructive notice and of actual or personal notice upon him or his representative there is neither semblance nor color.

Judgment

Affirmed.