SYLVIA SUE RUTLEDGE v. DELMA JAMES RUTLEDGE

No. 7119SC149

(Filed 24 February 1971)

1. Insane Persons § 2; Rules of Civil Procedure § 17— appointment of guardian — notice and opportunity to be heard

   The appointment of a guardian for a party litigant is erroneous in the absence of notice to the defendant and of an opportunity for him to be heard.

2. Insane Persons § 2; Rules of Civil Procedure § 17— appointment of guardian — mentally incompetent person

   A party in a civil action who has been judicially determined or is conceded to be mentally incompetent must be represented by a guardian or a guardian *ad litem.* G. S. 1A-1, Rule 17(b).

3. **Insane Persons § 2; Rules of Civil Procedure § 17— appointment of guardian — disputed competency of party litigant — duty of trial court**

   If a substantial question arises during a civil action as to the competency of a party litigant who is not already represented by a guardian, it is the duty of the trial judge to see that proper determination of this question is made before proceeding further with the trial in any way which might prejudice the rights of such party.

4. **Insane Persons § 2; Rules of Civil Procedure § 17— substantial question of party's competency — determination by court**

   Whether the circumstances are sufficient to raise a substantial question of a party's competency is a matter to be initially determined in the sound discretion of the trial judge.

5. **Insane Persons § 2; Rules of Civil Procedure § 17— appointment of guardian — initial determination of competency — voir dire — presence of litigant — findings of fact**

   In making the initial determination as to a party's competency, the trial court should conduct a *voir dire* examination; if practicable, the party whose competency is questioned should be present; if the evidence is conflicting, the trial judge should make findings of fact to support his determination whether a substantial question of competency is raised.

6. **Insane Persons § 2; Rules of Civil Procedure § 17— competency of party litigant — initial determination — notice to party**

   When the trial judge initially determines that a substantial question as to a party's competency has been raised, the party must be given notice and opportunity to be heard.

7. **Rules of Civil Procedure §§ 6, 17; Insane Persons § 2— appointment of guardian — five days notice to party litigant.**

   A party for whom a guardian or guardian *ad litem* is proposed is entitled to five days notice unless the court, for good cause, should prescribe a shorter period. G.S. 1A-1, Rule 6(d).

8. **Insane Persons § 2; Rules of Civil Procedure § 17— appointment of guardian — failure of trial judge to make initial determination of competency — evidence of party's commitment to Dix Hospital**

   In a wife's action for alimony without divorce and for child custody and support, the trial court committed reversible error in hearing the action on its merits and in rendering judgment in favor of the wife, without first determining whether a guardian should be appointed for the husband, where the husband's attorney offered sufficient evidence, consisting of medical records showing the husband's commitment to Dix Hospital, to require a *voir dire* examination on husband's disputed competency.

APPEAL by defendant from *Gambill, J.,* 21 September 1970 Civil Session of RANDOLPH Superior Court.

Plaintiff wife instituted this action in the Superior Court of Randolph County on 9 September 1970 against defendant husband seeking alimony without divorce, custody of the seven-year-old child of the parties, subsistence for the child, and possession of a house trailer and the furnishings therein. In her complaint plaintiff alleged various acts of the defendant which had made her life burdensome and her condition intolerable. The complaint also contained the following allegations:

> "The plaintiff is informed and believes and upon such information and belief alleges that the defendant has become addicted to some sort of drug which causes him to go completely out of his head at times. The defendant has threatened to kill the plaintiff on numerous occasions and the plaintiff has for a considerable length of time lived in fear of her life and the life of her son. The defendant has been confined at Dorothea Dix Hospital on three different occasions within the last year. He refuses to take the medication which has been prescribed for him by the doctors at Dorothea Dix."

Plaintiff also moved for alimony and custody of the child *pendente lite,* for a writ of possession of the house trailer and its contents, and for counsel fees.

Summons and complaint and notice of the motion for relief *pendente lite* were personally served upon the defendant on 14 September 1970. Plaintiff's motion for relief *pendente lite* came on for hearing on 1 October 1970 before Judge Gambill, Judge of the Superior Court assigned and holding the 21 September 1970 two-week civil session of Superior Court in Randolph County. Defendant did not appear in person or file answer, but at the time of the hearing a written motion was filed, expressed to be by "the defendant through counsel," asking "that a guardian be appointed to represent his interest in this matter and defend the same as the defendant is incompetent to plead in this case." This motion was signed by Ottway Burton, "Attorney for Defendant." In support of this motion Mr. Burton introduced medical records covering admissions of defendant to Dorothea Dix Hospital for various lengths of time commencing on 1 November 1966, 1 October 1968, 22 July 1969, 15 December 1969, and 27 March 1970, and showing defendant was last released from the hospital "on trial visit to his wife" on 13

April 1970 with a psychiatric diagnosis of paranoid schizophrenia. Mr. Burton also introduced the medical records of defendant's admissions to the Moses H. Cone Memorial Hospital on 29 April 1961, 20 August 1961, and 5 September 1961. These records indicated that defendant had first been admitted to that hospital on 29 April 1961 "with a severe generalized brain injury" from an automobile accident which occurred on that date, and that during his stay in the hospital "[h]e became somewhat maniacal in his behavior and was a problem in management for a time." In opposition to the motion for appointment of a guardian for defendant, plaintiff presented the affidavit of a District Engineer of the State Highway Department, dated 17 September 1970, showing that defendant was an employee of the State Highway Commission working under the affiant in the Maintenance Department of the Commission in Asheboro, that his hourly wage was $2.05, that he ordinarily worked forty hours per week, and that he had gross earnings for the pay period between 19 June and 14 August 1970 of $588.35.

The court denied the motion for the appointment of a guardian to represent defendant, and after considering additional evidence presented by plaintiff, entered an order making findings of fact upon which the court awarded custody of the child and possession of the trailer to plaintiff, and ordered defendant to pay alimony and child support *pendente lite* and counsel fees. Defendant appealed.

*Miller, Beck & O'Briant by Adam W. Beck for plaintiff appellee.*

*Ottway Burton for defendant appellant.*

PARKER, Judge.

No question is raised by this appeal as to the sufficiency of the evidence to support the court's findings of fact or the sufficiency of these in turn to support the order awarding plaintiff relief *pendente lite*. The only exceptions brought forward are, first, that the court erred in denying the motion for the appointment of a guardian to represent the defendant, and, second, that the court erred in proceeding to hear the matter and enter the order appealed from.

[1] There was clearly no error in the court's refusal of the motion to appoint a guardian for the defendant. The record

does not indicate that the defendant had any knowledge or notice that such a motion was being made. In the absence of notice to the defendant and opportunity granted him to be heard, appointment of a guardian for him would have been error. *Hagins v. Redevelopment Comm.*, 275 N.C. 90, 165 S.E. 2d 490.

[2]   A more serious question is presented by the second exception and assignment of error. Infants and persons *non compos mentis* are peculiarly entitled to the protection of the court. A principal means for extending this protection is by appointment of a guardian or, where appropriate, a guardian *ad litem*. Where a party in a civil action has been judicially determined or is conceded to be mentally incompetent, the law is clear; he must be represented by a guardian or guardian *ad litem*. In *Bell v. Smith*, 262 N.C. 540, 138 S.E. 2d 34, our Supreme Court said:

> "If a defendant in a civil action is *non compos mentis*, he must defend by general or testamentary guardian if he has one within the State, otherwise by guardian *ad litem* to be appointed by the court. *Hood v. Holding*, 205 N.C. 451, 171 S.E. 633. The court may not quash the service on an incompetent, but should see to it that he is properly represented before any action is taken which is detrimental to his interests. Either party, or the court upon its own motion, may initiate proceedings for the appointment of a guardian *ad litem* before any hearing on the merits.

Substantially the same requirement is now contained in our Rules of Civil Procedure. G.S. 1A-1, Rule 17(b).

The difficulty arises when the party has not previously been judicially declared to be an incompetent and a dispute arises as to his competency. Justice Sharp, speaking for the Court in *Hagins v. Redevelopment Comm., supra,* pointed out that the statute and court rule then in effect, former G.S. 1-64 and Superior Court Rule 16, failed to specify a procedure for adjudicating a dispute over a party's competency to conduct his litigation. The new Rules of Civil Procedure, while spelling out the appointment procedure in G.S. 1A-1, Rule 17(c), also fail to specify the method or procedure by which a disputed question of competency is to be determined. Of necessity, therefore, we must look elsewhere for guidance.

In a criminal case, "[o]rdinarily, it is for the court, in its discretion, to determine whether the circumstances brought to

its attention are sufficient to call for a formal inquiry to determine whether defendant has sufficient mental capacity to plead to the indictment and conduct a rational defense." *State v. Propst,* 274 N.C. 62, 161 S.E. 2d 560. By virtue of statutes now codified as G.S. 122-83 and G.S. 122-84, such determination may be made by the court with or without the aid of a jury. *State v. Sullivan,* 229 N.C. 251, 49 S.E. 2d 458. However, "[w]hether defendant is able to plead to the indictment and conduct a rational defense should be determined prior to the trial of defendant for the crime charged in the indictment." *State v. Propst, supra.* In the criminal case the defendant whose competency is being determined is, of course, present in person before the judge who is called upon to make the determination.

In the course of the trial of both civil and criminal cases the trial judge may at times be called upon to determine on *voir dire* whether a young child or an adult of low mentality, who is presented as a witness, has sufficient capacity and understanding to testify. Ordinarily this determination also rests in the sound discretion of the trial judge to be exercised by him in the light of his examination and observation of the particular witness. *State v. Turner,* 268 N.C. 225, 150 S.E. 2d 406; *State v. Carter,* 265 N.C. 626, 144 S.E. 2d 826; *McCurdy v. Ashley,* 259 N.C. 619, 131 S.E. 2d 321. In such cases the person whose competency as a witnesss is being determined is, of course, present in person before the judge who is called upon to make the determination.

[3-7]  We are of the opinion, and so hold, that if in the course of the trial of a civil action or proceeding, circumstances are brought to the attention of the trial judge which raise a substantial question as to whether a party litigant, who is not already represented by a guardian, is *non compos mentis,* it is the duty of the trial judge to see that proper determination of this question is made before proceeding further with the trial in any way which might prejudice the rights of such party. Whether the circumstances which are brought to the attention of the trial judge are sufficient to raise a substantial question as to the party's competency is a matter to be initially determined in the sound discretion of the trial judge. In making this initial determination, normally a *voir dire* examination should be conducted. Where practicable, it is preferable that the party whose competency is questioned be present in person before

the court. If the evidence is conflicting, the trial judge should make findings of facts as the basis for his determination as to whether any substantial question of competency is raised. If the trial judge determines that a substantial question as to the party's competency is raised, notice and opportunity to be heard must then be given the party for whom appointment of a guardian is proposed. These requirements and the method by which the question is to be resolved are spelled out in the opinion in *Hagins v. Redevelopment Comm., supra,* in the following language:

> "It follows, therefore, that a person for whom a next friend or guardian *ad litem* is proposed is entitled to notice as in case of an inquisition of lunacy under G.S. 35-2. This statute does not specify the time but, by analogy to G.S. 1-581, ten days' notice would be appropriate unless the court, for good cause, should prescribe a shorter period. If, at the time appointed for the hearing, the party does not deny the allegation that he is incompetent, and the judge is satisfied that the application is made in good faith, and that the party is *non compos mentis,* the judge may proceed to appoint a next friend to act for him. If, however, he asserts his competency, he is entitled to have the issue determined as provided in G.S. 35-2."

It should be noted that the opinion in *Hagins* was filed on 31 January 1969, which was before the effective date of the Rules of Civil Procedure. Rule 17(b) makes no reference to a "next friend," but provides for the appointment of a guardian or guardian *ad litem* for infants and incompetents who are parties, whether plaintiff or defendant, in any civil action. Therefore, the reference to a "next friend" in the foregoing quotation from *Hagins* is no longer appropriate. Similarly, G.S. 1-581, which provided for service of a motion ten days before the time appointed for the hearing unless the court prescribed a shorter time, has been repealed. Rule 6(d) of the Rules of Civil Procedure now provides that notice of hearing of a motion shall be served not later than five days before the time specified for the hearing, unless a different period is fixed by the rules or by order of the court. Therefore, following the analogy suggested in *Hagins,* and taking cognizance of the changes effected by the Rules of Civil Procedure, it would now appear that five

Rutledge v. Rutledge

days notice, rather than ten, would be appropriate unless the court, for good cause, should prescribe a shorter period.

[8]   In the case presently before us, while the trial court properly denied the motion for appointment of a guardian for the defendant, since no notice of such motion had been given to the defendant, in our opinion it committed error in then proceeding immediately into a hearing on the merits and entering the order appealed from. The evidence bearing on the question of defendant's competency was at least sufficient to require the court to conduct a *voir dire* examination into the matter, preferably with the defendant present in person so that the court could observe him. If at such examination conflicting evidence had been presented, the court should then have made findings of fact, and, on the basis of these findings, made an initial determination whether a substantial question as to defendant's competency existed. If such a question had been found to exist, it should then have been resolved, after giving defendant notice and opportunity to be heard, in the manner set forth in *Hagins v. Redevelopment Comm., supra,* as modified to reflect the changes effected by the Rules of Civil Procedure.

For the errors noted, the order appealed from is vacated and this cause is remanded for such further proceedings, consistent with the legal principles set forth herein, as may be initiated.

Error and remanded.

Chief Judge MALLARD and Judge GRAHAM concur.