WALTER R. SHEPPARD, JR., Guardian of William L. Sheppard, Incompetent v. COMMUNITY FEDERAL SAVINGS AND LOAN and COMMUNITY SAVINGS AND LOAN ASSOCIATION

---

WALTER R. SHEPPARD, JR., Guardian of William L. Sheppard, Incompetent v. COMMUNITY SAVINGS AND LOAN ASSOCIATION, COMMUNITY FEDERAL SAVINGS AND LOAN and JUDY HOVEY

No. 8629SC241

(Filed 3 February 1987)

**Rules of Civil Procedure § 17; Insane Persons § 2.2; Courts § 9.1— action by incompetent—determination of incompetency**

In a civil action in which plaintiff's competency became an issue, a superior court judge erred by finding the plaintiff was competent and did not have to be examined by a psychiatrist where another superior court judge had previously found that a substantial question existed as to plaintiff's competen-

cy, ordered that plaintiff be examined by a psychiatrist, and ordered that a hearing be held on whether the plaintiff was competent to proceed without a guardian. The second judge not only failed to follow the procedure laid down for protecting the rights of incompetents, he also in effect overruled another superior court judge; an affidavit from plaintiff's mother withdrawing an earlier affidavit which stated that plaintiff was incompetent added to rather than eliminated the uncertainty as to plaintiff's competency. N.C.G.S. 35-2.

APPEAL by plaintiff from *Allen, C. Walter, Judge.* Judgment entered 19 July 1985 in Superior Court, HENDERSON County. Heard in the Court of Appeals 26 August 1986.

Though the list of papers filed in these two related cases covers three and one-half pages in the printed record, only the following facts are material to this appeal: William L. Sheppard brought these actions before he was adjudged to be incompetent. Community Federal Savings and Loan is the successor in interest to Community Savings and Loan Association and Judy Hovey was employed by them. The complaint in the first action was filed by Attorney W. R. Sheppard, the elderly and professional inactive father of William L. Sheppard. Six days later the complaint in the second action was filed by Attorneys White & Dalton. The second complaint duplicates some of the claims made earlier against the savings and loan and adds several other claims against both defendants. In gist plaintiff alleged in the two complaints that: The savings and loan association breached its deposit agreement with him by refusing to return and pay interest on money that he had deposited with it; the savings and loan association was negligent in handling his funds; and defendant Hovey misappropriated and converted his funds to her own use. Both the corporate and individual defendant denied plaintiff's allegations and counterclaimed, alleging that he had falsely reflected upon their honesty to various persons on divers occasions. Plaintiff replied denying that he had ever spoken or written falsely about either defendant. Several months later after some discovery was done, W. R. Sheppard, Sr., as plaintiff's attorney in one case, moved to amend plaintiff's reply to the counterclaims so as to allege that William L. Sheppard was incompetent at all times involved. The motion was supported by an affidavit from plaintiff's mother to the effect that he had been mentally ill and incompetent since being discharged from the Navy in 1945. The defendant savings and loan immediately moved that an evidentiary hearing be held to determine

plaintiff's competency to proceed without a guardian. Pursuant thereto, in September 1983 Judge Burroughs found that a substantial question existed as to plaintiff's competency, ordered that plaintiff be examined by a psychiatrist, and that an evidentiary hearing be held on 28 November 1983 to determine whether plaintiff was competent to proceed in the actions without the aid of a guardian. On 26 October 1983, after plaintiff failed to keep two appointments with a psychiatrist and also failed to keep several appointments with his attorneys White & Dalton, that firm moved for permission to withdraw from the case. On 2 November 1983 a motion was filed under the purported signature of Attorneys White & Dalton requesting the court to reconsider the issue of plaintiff's competency; the motion was supported by another affidavit by plaintiff's mother to the effect that plaintiff was not mentally incompetent and she signed the first affidavit under duress from plaintiff's father, who was mishandling plaintiff's affairs. Immediately thereafter White & Dalton filed a notice asserting that they did not prepare and had no knowledge of the foregoing motion and affidavit and would not participate in any hearing with respect to it. About the same time the defendants moved to dismiss both complaints because of plaintiff's failure to submit to a psychiatric examination as Judge Burroughs ordered. On 28 November 1983 Judge Cornelius denied White & Dalton's motion to withdraw as plaintiff's counsel, denied the motion to strike plaintiff's complaints, found that plaintiff was competent and ruled that he did not have to be examined by a psychiatrist as previously ordered by Judge Burroughs, and could proceed in the litigation without a guardian. In making the latter rulings concerning plaintiff's competency Judge Cornelius heard no evidence, though he did ask plaintiff several questions and heard him argue with the defense lawyers about different matters in the cases, some of which were before the court and some were not. Later White & Dalton refiled their motion to withdraw and Judge Snepp allowed it in February 1984.

On 14 May 1984 Judge Beaty ordered plaintiff to answer 115 questions that he did not answer when his deposition was taken; to produce certain documents earlier requested by defendants; and to pay $1,150 to defendant savings and loan's counsel for having put them to that trouble. On 18 May 1984, pursuant to the motion of W. R. Sheppard, Sr., supported by several affidavits

saying that William L. Sheppard was incompetent, the Assistant Clerk of Court appointed Walter R. Sheppard, Jr. Guardian *ad litem* for him; on 24 May 1984 the Guardian *ad litem* moved that Judge Beaty's order entered on 14 May 1984 be reconsidered because of William L. Sheppard's incompetency. On 31 May 1984 the same Assistant Clerk of Court set aside the order appointing a Guardian *ad litem* on the ground that Judge Cornelius had found William L. Sheppard competent to proceed on his own. On 12 July 1984 Judge Owens found that plaintiff had failed to pay defendants' attorneys $1,150 as Judge Beaty had directed, imposed judgment for that amount against plaintiff, and dismissed his complaint for failing to comply with the rules of discovery and the court's order. The trial of the cases at the 10 September 1984, 4 March 1985 and 20 May 1985 sessions of court was continued upon plaintiff's motion for more time within which to obtain counsel, and the May order directed that plaintiff proceed without a Guardian *ad litem* because the competency issue had been determined by Judge Cornelius. Plaintiff's motion at the 15 July 1985 session to again continue the trial was denied and plaintiff tried the cases himself. After finding against the plaintiff on the defendants' counterclaims the jury awarded defendant savings and loan $2 compensatory damages and $15,000 punitive damages, and awarded defendant Hovey $60,000 compensatory damages and $115,000 punitive damages. On 27 August 1985 plaintiff William L. Sheppard was adjudicated incompetent and a few days thereafter Walter R. Sheppard, Jr., his appointed Guardian, was substituted as party plaintiff in pursuing the appeal.

*Long, Parker, Payne & Warren, by Robert B. Long, Jr. and Ronald K. Payne, for plaintiff appellant.*

*Jackson & Jackson, by Frank B. Jackson and Charles Russell Burrell, for defendant appellee Community Federal Savings and Loan Association.*

*David K. Fox and Hogan and Hogan, by Lawrence A. Hogan and Robert L. Hogan, for defendant appellee Judy Hovey.*

PHILLIPS, Judge.

Of the several contentions that the appellant makes in his quest for a new trial it is necessary to discuss just one, as a new trial is clearly required and the developments that gave rise to

the other contentions are not likely to recur. For when Judge Cornelius disregarded Judge Burroughs' prior order directing that plaintiff be examined by a psychiatrist and that a hearing be held on the issue of plaintiff's competency this case took a wrong turn prejudicial to the plaintiff as the foregoing facts indicate. Judge Burroughs' order, entered several months before trial, was based upon a well supported finding that there was "a substantial question" as to the plaintiff's competency and it was error for the court to go forward with the case before that question was properly resolved. *Rutledge v. Rutledge*, 10 N.C. App. 427, 179 S.E. 2d 163 (1971).

When a party to a lawsuit in this state is mentally incompetent he must be represented by his Guardian if he has one, and if not by a Guardian *ad litem*. Rule 17(b), N.C. Rules of Civil Procedure. As pointed out in *Hagins v. Redevelopment Commission*, 275 N.C. 90, 165 S.E. 2d 490 (1969) and *Rutledge, supra*: When a question as to a party's competence arises during the course of a civil action or proceeding, as it did here, the court must conduct an evidentiary hearing and if it is found from the evidence that the party is mentally incompetent and he does not object a Guardian *ad litem* to act for him should be appointed; but if notwithstanding the court's finding the party asserts his competency the issue must be determined as provided in G.S. 35-2. This salutary and mandatory procedure for the protection of possible mentally incompetents was set in motion by Judge Burroughs' order and it was error not to continue the process until the issue was resolved in the way that the law provides. In determining from his observations that plaintiff was competent and an evidentiary hearing was not necessary Judge Cornelius not only failed to follow the course laid down for protecting the rights of possible incompetents, he also in effect overruled another Superior Court judge, which our law does not approve. *East Coast Fertilizer Co. v. Hardee*, 211 N.C. 56, 188 S.E. 623 (1936). That this erroneous step prejudiced the trial of plaintiff's case is strongly indicated by the recorded fact that about six weeks after plaintiff undertook to represent himself in the trial of the case he was adjudged to be mentally incompetent in a proceeding brought in accord with G.S. 35-2. Since this error may have deprived plaintiff of the needed aid of a Guardian or Guardian *ad litem* from that point forward in the litigation the orders and judgment entered thereafter that af-

fect his property rights must be set aside. Thus we vacate the judgment entered upon the verdict for the defendants and the orders by Judge Owens imposing sanctions and dismissing plaintiff's complaint against the defendant savings and loan association.

The arguments of the defendants that Judge Cornelius did not err in cancelling the evidentiary hearing directed by Judge Burroughs because plaintiff's mother had withdrawn her earlier affidavit stating that he was incompetent are not persuasive. While the second affidavit was a change of sorts its contents and the circumstances that accompanied it added to, rather than eliminated, the uncertainty as to plaintiff's competency. Apart from the broadside, unexplained statement that she was forced to sign the first affidavit, the second affidavit is a rambling, argumentative and largely irrelevant document, the main thrust of which is that her husband and plaintiff's father, still listed as plaintiff's counsel in one of the cases, had "dealt treacherously" with plaintiff in other business transactions that apparently have nothing to do with the issues raised in these cases. And though the second affidavit was attached to and filed with a motion purportedly prepared and signed by Attorneys White & Dalton those lawyers, in a notice promptly filed with the court, disavowed any knowledge of either document. These circumstances, it seems to us, added to the need for an evidentiary hearing; for the question of plaintiff's competency still remained and grave new questions had arisen—questions concerning the truthfulness of contradictory and conflicting affidavits by the same affiant; the intimidation of a witness; and the claimed forgery of a law firm's name to documents filed with the court. That these urgent and significant questions were not resolved in the manner that the law requires before the cases were tried makes it necessary to try them again.

Vacated and remanded for a new trial.

Judges BECTON and MARTIN concur.