JULIAN CLARK CULTON v. JANE ANDERSON CULTON

Nos. 8926DC614
8926DC615

(Filed 19 December 1989)

**Insane Persons § 2.2 (NCI3d) — divorce and equitable distribution — no jurisdiction of court to determine competency of defendant**

Though N.C.G.S. § 1A-1, Rule 17 may have once allowed the trial court to conduct a competency hearing, the trial court in this action for divorce and equitable distribution lacked jurisdiction to make a determination with respect to defendant's competency, since N.C.G.S. § 35A-1101 et seq. set forth the sole procedure for determining incompetency of infants and adults. N.C.G.S. § 35A-1102.

**Am Jur 2d, Incompetent Persons § 9.**

Judge PHILLIPS dissenting.

APPEAL by plaintiff from order entered 7 February 1989 by *Judge Marilyn R. Bissell* in MECKLENBURG County District Court. Heard in the Court of Appeals 15 November 1989.

*Tucker, Hicks, Hodge and Cranford, P.A., by John E. Hodge, Jr. and Fred A. Hicks, for plaintiff-appellant.*

*Myers, Hulse & Harris, by R. Lee Myers, for defendant-appellee.*

GREENE, Judge.

In February 1987 the plaintiff husband, Julian Clark Culton, instituted actions for divorce and for equitable distribution. In August

1988, counsel for defendant wife, Jane Anderson Culton, moved for appointment, under North Carolina Rule of Civil Procedure 17, of a guardian ad litem for the defendant. The trial court conducted a hearing to determine the wife's competency, found her to be incompetent and appointed a guardian ad litem for her. The plaintiff appeals.

---

The issue presented is whether the court had jurisdiction to determine the wife's incompetency.

The plaintiff argues that the trial court lacked jurisdiction to conduct a hearing to determine the defendant's competency under the rubric of the North Carolina Rule of Civil Procedure 17. That rules states in pertinent part:

> (b)(2) Infants, etc., Defend by Guardian Ad Litem. — In actions or special proceedings when any of the defendants are infants or incompetent persons, whether residents or nonresidents of this State, they must *defend* by general or testamentary guardian, if they have any within this State or by guardian ad litem appointed as hereinafter provided; and if they have no known general or testamentary guardian in the State, and any of them have been summoned, *the court* in which said action or special proceeding is pending, *upon motion of any of the parties, may appoint some discreet person to act as guardian ad litem*, to defend in behalf of such infants, or incompetent persons, and fix and tax his fee as part of the costs. . . .

N.C.G.S. § 1A-1, Rule 17(b) (1989) (emphases added).

The plaintiff asserts that although Rule 17 may have once allowed the trial court to conduct a competency hearing (*see Rutledge v. Rutledge*, 10 N.C. App. 427, 179 S.E.2d 163 (1971); *Sheppard v. Community Federal Savings & Loan*, 84 N.C. App. 257, 352 S.E.2d 252, *rev. denied*, 319 N.C. 459, 356 S.E.2d 6 (1987)), that procedure was preempted on 1 October 1987 by the enactment of N.C.G.S. § 35A-1101 *et seq.* which sets forth the sole procedure for determining incompetency of infants and adults. We agree. In fact, N.C.G.S. § 35A-1102 explicitly states: "This Article establishes the exclusive procedure for adjudicating a person to be an incompetent adult or an incompetent child." The predecessor to Chapter 35A, N.C.G.S. § 32-2, as in effect when both *Rutledge* and *Sheppard*

were decided, did not hold itself out as the exclusive procedure for adjudicating a person incompetent.

"The cardinal principle of statutory construction is that the intent of the Legislature is controlling." *State v. Fulcher*, 294 N.C. 503, 520, 243 S.E.2d 338, 350 (1978). "When the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give the statute its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein." *In re Banks*, 295 N.C. 236, 239, 244 S.E.2d 386, 388-89 (1978). We find the language "exclusive procedure" of Section 35A-1102 a clear and unambiguous expression of the Legislature's intent.

In so holding we acknowledge that the Legislature has in fact preempted *Rutledge* and *Sheppard* which had heretofore expanded a trial court's authority under Rule 17, giving it the ability to determine competency in certain circumstances. The defendant argues that such special circumstances were present in this case, and that a role for a Rule 17 incompetency hearing remains in spite of Chapter 35A. Certainly an interpretation consistently and repeatedly given a statute by the courts, arguably as was done here with Rule 17, constitutes a part of the statute, and any change in such interpretation must be carried out by the Legislature. *O'Mary v. Land Clearing Corp.*, 261 N.C. 508, 511, 135 S.E.2d 193, 195 (1964). Here the Legislature has spoken to effect such a change. Furthermore, the doctrine of stare decisis is inapplicable where case law conflicts with a pertinent statutory provision to the contrary. *State v. Mobley*, 240 N.C. 476, 487, 83 S.E.2d 100, 108 (1954). The language of N.C.G.S. § 35A-1102 requires any adjudication of incompetency to take place within the perimeters of Chapter 35A, even if the person sought to be declared incompetent does not challenge the action. Thus, we conclude the trial court lacked jurisdiction to find the defendant incompetent.

Chapter 35A does not otherwise sap the vitality of Rule 17. Rule 17 still exists as a means of appointment of a guardian ad litem where incompetency has already been determined. *See* N.C.G.S. § 35A-1101(6). We also note the significant impact of Chapter 35A on Rule 25, which discusses the continuation of an action when one party becomes incompetent. That rule states in pertinent part:

No action abates by reason of the incompetency or insanity of a party. If such incompetency or insanity is adjudicated,

the court, on motion at any time within one year after such adjudication, or afterwards on a supplemental complaint, may order that said party be represented by a general guardian or trustee or a guardian ad litem, and, allow the action to be continued. If there is no adjudication, any party may suggest such incompetency or insanity to the court and it shall enter such order in respect thereto as justice may require.

N.C.G.S. § 1A-1, Rule 25 (1983). In a situation where no incompetency adjudication has yet occurred, the action contemplated in the last clause of this rule would be referral of the competency issue to the clerk of superior court for action under Chapter 35A.

In this case, we must vacate the trial court's order finding the defendant incompetent since the trial court lacked jurisdiction to make such determination. We remand for action in accordance with this opinion.

Vacated and remanded.

Judge BECTON concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

The provisions of Chapter 35A of the General Statutes indicate to me that the Legislature intended for the appointments pursuant to Rule 17 to continue as they had in the past. If it intended Chapter 35A to be the exclusive method of appointing all guardians of any type, kind or description, then the provisions of Rule 17 insofar as they pertain to the appointment of a Guardian *ad litem* in cases like this, where the plaintiff is admittedly not incompetent for all purposes, would be rendered obsolete. Judicial efficiency requires the continued efficacy of Rule 17 in situations such as exist here and I do not believe the Legislature intended otherwise.