998 F.2d 1009
 26 Fed.R.Serv.3d 428
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William MATCHEM, Plaintiff-Appellant,
v.
Anthony M. FRANK, Postmaster General; United States Postal
Service, Defendants-Appellees.
 No. 92-1341.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 24, 1993.
Decided: July 15, 1993.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, District Judge. (CA-91-811-5-H-CV)
 William Matchem, Appellant Pro Se.
 G. Norman Acker, III, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellees.
 E.D.N.C.
 VACATED AND REMANDED.
 Before MURNAGHAN, WILKINSON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 William Matchem appeals the district court's decision that his employment discrimination action filed pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.s 2000e-2000e-17 (West 1981 & Supp. 1991), was time-barred. The district court dismissed the complaint pursuant to 28 U.S.C. § 1915(d) (1988). Matchem contends on appeal that a mental disability entitled him to equitable tolling of the limitations period. Because we are unable to say, at this stage of the proceedings, that there is not an arguable issue in law or in fact as to whether tolling was warranted, see Neitzke v. Williams, 490 U.S. 319 (1989), we vacate the judgment of the district court and remand for further proceedings.
 
 
 2
 Matchem began working for the United States Postal Service in the early 1980's. Over time, he had a number of disputes with his employer. In 1985, Matchem filed a claim with the EEOC, alleging that he had been discriminated against in retaliation for prior EEO activities. The EEOC found his complaint to lack merit, and subsequently, on May 4, 1990, denied Matchem's request to reopen this decision.
 
 
 3
 The denial of the request to reopen contained a notice of right to sue. Matchem stated in his Complaint that he received the notice on May 25, 1990. The EEOC's right-to-sue letter informed Matchem that he was entitled to file a lawsuit in federal court within thirty days of receipt of the letter. The Complaint was not filed until December 5, 1991, more than eighteen months after Matchem's receipt of the letter.
 
 
 4
 Attached to the Complaint were two letters from Tarras Onischenko, a psychologist who had treated Matchem since January 29, 1990, when Matchem sought treatment for anxiety and depression apparently resulting from work-related stress and difficulties with management at work. Onischenko diagnosed adjustment disorder with mixed disturbance of emotion and generalized anxiety disorder. Symptoms consistent with depression were noted. In the first letter, dated March 18, 1991, Onischenko stated that Matchem was "not capable of adequately representing himself in any formal legal proceedings. This effort would only exacerbate his existing psychological problems and therapeutic stabilization."
 
 
 5
 In a second letter, dated November 4, 1991, Onischenko stated that William was:
 
 
 6
 not currently capable of adequately representing himself in any formal legal process or adversarial legal proceeding. An exacerbation of the client's symptoms of anxiety and depression will most likely be experienced in the event that he is required to participate in a confrontational situation that involved his residual feelings towards his former employer, the United States Postal Service.[1]
 
 
 7
 Given these letters from Matchem's treating psychologist, there arises a question as to whether the district court should have appointed a guardian ad litem for Matchem pursuant to Fed. R. Civ. P. 17(c). The pertinent provision provides: "[t]he court shall appoint a guardian ad litem for an ... incompetent person not otherwise represented ... or shall make such other order as it deems proper for the protection of" that person. The district court should have at least considered whether a collateral inquiry into Matchem's competency was warranted. See Hudnall v. Sellner, 800 F.2d 377, 385 (4th Cir. 1986).[2]
 
 
 8
 On remand, the court should first decide whether Matchem is capable of representing himself. If not, appointment of a guardian ad litem might be appropriate. The court then should examine whether, during the relevant limitations period, any incapacity entitled Matchem to a tolling of that period. See Irwin v. Veterans Admin., 59 U.S.L.W. 4021, 4023 (U.S. 1990) (Title VII time limits are not jurisdictional, but are subject to equitable tolling).
 
 
 9
 In short, the district court must determine whether William's disability was severe enough and prolonged enough to excuse the tardy filing of his complaint. As our review of the record and other materials before us reveals that it would not aid the decisional process, we dispense with oral argument.
 
 VACATED AND REMANDED
 
 
 [1]
 The record on appeal contains two additional letters not before the district court. On January 28, Onischenko stated that Matchem was still unable to participate in adversarial legal proceedings. On April 9, 1992, Scott Wallace, a psychiatrist, concurred that Matchem was psychiatrically disabled
 
 
 [2]
 We are troubled by the posture of Matchem's wife, Diane, in this action. It is Diane, who is not an attorney, who signed all the relevant papers, including the Complaint. She apparently assumes that her receipt in February 1990 of William's power of attorney entitles her to prosecute this action on her husband's behalf. We are not convinced that she has such authority. We note North Carolina law prohibiting the unauthorized practice of law. N.C. Gen. Stat. § 84-4 (1985). Additionally, the record does not reflect that the power of attorney was registered in accordance with state law, and it may therefore be invalid. See N.C. Gen. Stat. § 32A-9(b) (1991). Further, there is no showing that North Carolina courts had adjudicated William to be incompetent during the period of claimed incapacity, and Diane thus apparently lacked the capacity to bring the suit as William's next friend. See N.C. Gen. Stat.s 1A-1, Rule 17 (1990); N.C. Gen. Stat. §§ 35A-1102 to -1355 (1987); Culton v. Culton, 386 S.E.2d 592 (N.C. App. 1989)
 State law determines whether an individual has the capacity to sue under the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 17(b). If Diane lacked the capacity to sue on William's behalf in North Carolina courts, she also lacked such capacity to sue in the federal courts. On remand, the district court should reconsider Diane's future role, if any, in this action.