IN THE MATTER OF: R.J. J.M. I.J. T.M
No. COA05-395
North Carolina Court of Appeals
Filed February 7, 2006
This case not for publication
Mecklenburg County No. 04 J 444-47.
J. Edward Yeager, Jr., for petitioner-appellee Mecklenburg County Department of Social Services, Youth and Family Services Division.
Emily B. Uhler-Lewis for guardian ad litem-appellee.
Charlotte Gail Blake for respondent-appellant.
LEWIS, Judge.
Respondent-mother ("respondent") appeals the trial court order terminating her parental rights to her four minor children. For the reasons discussed herein, we affirm the trial court order.
The facts and procedural history pertinent to the instant appeal are as follows: On 5 May 2004, Mecklenburg County Department of Social Services, Youth and Family Services Division ("petitioner") filed four separate petitions to terminate respondent's parental rights to her minor children. As grounds for termination, each petition alleged in pertinent part:
6. [Respondent] ha[s] neglected the said child as defined in G.S. Section 7B-101(15) in that [respondent] ha[s] failed to provide proper care, supervision, and discipline for said child and ha[s] abandoned said child in that inter alia:
a. The above named child was placed in [petitioner's] custody on August 23, 2002 and adjudicated as a neglected juvenile on October 22, 2002.
b. Following the adjudicatory hearing [respondent] entered into a case plan with [petitioner] designed to address the issues [] which led to the child's removal from her custody. The Court later adopted said case plan.
c. [Respondent] has not complied with the case plan such that [petitioner] could recommend reunification of the child with her. As a result the child has had to remain in foster care.
d. More specifically, [respondent] has not completed substance abuse treatment and remained clean and sober. She has not maintained employment and housing and has not attended therapy on a regular basis.
. . . .
h. [Respondent] has [not] paid a reasonable amount of support for the minor child.
7. [Respondent] ha[s] willfully left the juvenile in foster care for more than twelve (12) months without showing to the satisfaction of the Court that reasonable progress under the circumstances has been made within twelve (12) months in correcting those conditions which led to the removal of the child.
8. The child has been placed in the custody of [petitioner] and [respondent], for a continuous period of more than six (6) months next preceding the filing of the petition, ha[s] willfully failed for such period to pay a reasonable portion of the cost of care for said child although physically and financially able to do so.
The trial court held a hearing on the matter on 18 October and 19 October 2004. After receiving evidence and hearing arguments from both parties, the trial court concluded that sufficient grounds existed to terminate respondent's parental rights and that it was in the children's best interests to do so. On 16 November 2004, the trial court entered an order terminating respondent's parental rights and granting petitioner custody of the children as well as authority to consent to their adoption. Respondent appeals.
The issues on appeal are whether the trial court erred by: (I) failing to dismiss the petitions; (II) failing to appoint a guardian ad litem for respondent; and (III) concluding that sufficient grounds exist to terminate respondent's parental rights.
Respondent first argues the trial court erred by failing to dismiss the petitions. Respondent asserts the petitions contained little more than a bare recitation of statutory grounds for termination and were thus insufficient to warrant determination from the trial court. We note initially that, ordinarily, a party may not seek review of a denial of a 12(b)(6) motion following a trial on the merits. However, as respondent renewed her motion following the close of petitioner's evidence, we treat this objection as a motion for involuntary dismissal pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(b), and thus we address its merits on appeal. N.C. Gen. Stat. § 7B-1104(6) (2003) requires a petition to provide "[f]acts that are sufficient to warrant a determination that one or more of the grounds for terminating parental rights exists." However, "there is no requirement that the factual allegations be exhaustive or extensive[.]" In re Hardesty, 150 N.C. App. 380, 384, 563 S.E.2d 79, 82 (2002). Instead, they must only be sufficient to "put a party on notice as to what acts, omissions or conditions are at issue." Id. Thus, although a "bare recitation . . . of the alleged statutory grounds for termination does not comply with the requirement" of N.C. Gen. Stat. § 7B-1104(6), where the petition "incorporates an attached [order] . . . stat[ing] sufficient facts to warrant such a determination[,]" the statutory requirements are met. In re Quevedo, 106 N.C. App. 574, 579, 419 S.E.2d 158, 160 (1992) (concluding that a petition which incorporated an attached custody award satisfied pleading requirements of N.C. Gen. Stat. § 7A-289.25 (now N.C. Gen. Stat. § 7B-1104)).
In this case, the petitions request termination of respondent's parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(1), (2), and (3). With respect to N.C. Gen. Stat. § 7B-1111(a)(1), the petitions allege respondent neglected the children by abandoning them and failing to provide them with proper care, supervision, and discipline. In support of this allegation, the petitions assert respondent "has not complied with the case plan" established by petitioner, "has not completed substance abuse treatment and remained clean and sober[,]" "has [not] paid a reasonable amount of support for" the children, and "has not maintained employment and housing and has not attended therapy on a regular basis." As these facts were sufficient to "put [respondent] on notice as to what acts, omissions or conditions [were] at issue" regarding the allegations of neglect, we conclude petitioner satisfied its burden with respect to this ground. See Hardesty, 150 N.C. App. at 384, 563 S.E.2d at 82; In re Humphrey, 156 N.C. App. 533, 539, 577 S.E.2d 421, 426 (2003) (factual allegations sufficient to provide notice regarding issue of neglect where petition alleged respondent had not visited the child in the past five years and had contributed less than $25.00 in child support since 1992). However, because the petitions contain no factual allegations to support termination pursuant to the other alleged grounds, we conclude the trial court erred by refusing to dismiss the petitions with respect to these grounds.
As detailed above, paragraphs 7 and 8 of the petitions merely recite the statutory grounds for termination pursuant to N.C. Gen. Stat. § 7B-1111(a)(2) and (3), providing no factual support for the grounds whatsoever. Although we note petitioner attached a non-secure custody order to each of the petitions, we are not persuaded that the addition of the custody order provides "sufficient facts to warrant . . . a determination" regarding either statutory ground. See Quevedo, 106 N.C. App. at 579, 419 S.E.2d at 160. Therefore, because petitioner failed to satisfy the requirements of N.C. Gen. Stat. § 7B-1104(6), the trial court should have granted the motion to dismiss with respect to these grounds. See Hardesty, 150 N.C. App. at 384, 563 S.E.2d at 82. Nevertheless, because the trial court found the properly alleged ground of N.C. Gen. Stat. § 7B-1111(a)(1) sufficient to terminate respondent's parental rights, we will examine respondent's remaining arguments.
Respondent maintains the termination order should be reversed because the underlying petitions were not filed within sixty days of the trial court's decision to change the permanent plan in the case. We disagree.
N.C. Gen. Stat. § 7B-907(e) (2003) requires the petitioner to "file a petition to terminate parental rights within 60 calendar days from the date of the permanency planning hearing" if termination is "necessary in order to perfect the permanent plan for the juvenile[.]" The petitioner must satisfy this burden unless the trial court allows an extension and "makes written findings why the petition cannot be filed within 60 days." Id.
Here, the record reveals that on 21 October 2003, the trial court changed the permanent plan in the case from reunification to adoption, noting as follows:
Court changes the goal to TPR/Adoption. Court also sends case to mediation to discuss surrenders. If mediation is not successful, [petitioner] to file a TPR petition as soon as practicable thereafter.
Despite this explicit change in the permanent plan and the absence of written findings regarding why the petitions could not be filed within sixty days, petitioner filed the petitions 5 May 2004, approximately six-and-one-half months later. Although we recognize petitioner failed to satisfy the requirements of N.C. Gen. Stat. §7B-907(e), because respondent is unable to demonstrate any prejudice resulting from the delay in filing, we reject this assignment of error.
"[T]his Court has held that time limitations in the Juvenile Code are not jurisdictional in cases such as this one and do not require reversal of orders in the absence of a showing by the appellant of prejudice resulting from the time delay." In re C.L.C., ___ N.C. App. ___, ___, 615 S.E.2d 704, 707 (2005) (citations omitted). "Whether a party has adequately shown prejudice is always resolved on a case-by-case basis[.]" In re As.L.G., ___ N.C. App. ___, ___, 619 S.E.2d 561, 564 (2005). "[P]rejudice can manifest itself in many forms and can equally befall parties other than the respondent, but it must nonetheless be appropriately articulated." Id. at ___, 619 S.E.2d at 565.
Here, respondent contends she was prejudiced by the delay in filing the petitions because, after the permanent plan was changed, she was hampered in demonstrating she had corrected the conditions which led to her children's removal as she "no longer had any assistance from [petitioner] in seeking to comply with her case plan." However, we are not persuaded that petitioner prejudiced respondent by following the directives of the trial court and acting under the authority of our case and statutory law in ceasing reunification efforts. Further, we note that by failing to file the petition within the required sixty days, petitioner actually increased the amount of time as well as opportunities in which respondent could demonstrate compliance with the case plan. The record reflects respondent took advantage of this time by continuing to remain in communication with petitioner following the change in the permanent plan, contacting social workers with requests for money and the birth certificates and social security cards of the children and providing updates regarding her place of residence, employment, and therapy sessions. In light of the foregoing, respondent has failed to demonstrate the prejudice necessary to reverse the trial court's order. Accordingly, we conclude the trial court did not err by failing to dismiss the petitions.
Respondent next argues the trial court erred by failing to appoint a guardian ad litem to represent her. Respondent asserts she was entitled to a guardian ad litem pursuant to N.C. Gen. Stat. § 7B-1101. We disagree.
N.C. Gen. Stat. § 7B-1101(1) (2003)[1] requires the trial court to appoint a guardian ad litem for the respondent where "it is alleged that [the respondent's] rights should be terminated pursuant to G.S. 7B-1111[(a)](6), and the incapability to provide proper care and supervision pursuant to that provision is the result of substance abuse, mental retardation, mental illness, organic brain syndrome, or another similar cause or condition." "[T]he requirement of N.C. Gen. Stat. § 7B-1101(1) is mandatory, and . . . a respondent does not lose the right to assert an error based upon a violation of N.C. Gen. Stat. § 7B-1101(1) by failing to request a guardian ad litem him or herself." In re K.R.S., ___ N.C. App. ___, ___, 613 S.E.2d 318, 320 (2005) (citations omitted). However, where the petition to terminate parental rights neither alleges incapability due to a debilitating condition nor cites N.C. Gen. Stat. § 7B-1111(a)(6) and "none of the allegations in the [petition] tend[] to show [the] respondent [i]s incapable of providing care for the children[,]" the trial court does not err by failing to appoint a guardian ad litem for the respondent. In re O.C., ___ N.C. App. ___, ___, 615 S.E.2d 391, 394 (2005); see also In re B.M., M.M., An.M. & Al.M., 168 N.C. App. 350, 357, 607 S.E.2d 698, 703 (2005) ("It is the use of the term `incapable' which triggers the requirement of N.C. Gen. Stat. § 7B-1101 for the appointment of a guardian ad litem."). However, while "[a]n allegation under N.C. Gen. Stat. § 7B-1111(a)(6) serves as a triggering mechanism, alerting the trial court that it should conduct a hearing to determine whether a guardian ad litem should be appointed[,]" In re J.A.A., ___ N.C. App. ___, ___, ___ S.E.2d ___, ___ (No. COA05-105) (Filed 20 December 2005), "[t]he fact there was no allegation of incapacity in the petition does not end our inquiry." Id. at ___, ___ S.E.2d at ___. Instead, "[w]e must [also] consider whether the trial court had a duty to appoint a guardian ad litem to represent [the] respondent under Rule 17 of the Rules of Civil Procedure." Id. at ___, ___ S.E.2d at ___.
In the instant case, none of the petitions to terminate respondent's parental rights contained an allegation that sufficient grounds exist to terminate her parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(6). While some of the allegations referred to respondent's "substance abuse treatment" and failure to attend "therapy," these allegations were related to respondent's "fail[ure] to provide proper care, supervision, and discipline for . . . and . . . abandon[ment]" of the children, not any alleged incapability to provide such care or supervision. Nevertheless, during the termination hearing, respondent's counsel objected when respondent's grandmother testified that respondent was not "mentally capable of being a good parent." Respondent's counsel moved to strike this testimony, asserting respondent's grandmother was "not an expert witness," that there was no "allegation of incapability," and that "[i]f there is an allegation of incapability, we need a guardian ad litem." The trial court determined respondent had opened the door to the testimony and, noting respondent's objection, allowed respondent's grandmother to testify regarding respondent's therapy attendance. We are not persuaded that either this testimony or any other evidence offered during the termination proceedings triggered the trial court's duty to appoint a guardian ad litem under N.C. Gen. Stat. § 7B-1101 or on its own motion.
"A trial judge has a duty to properly inquire into the competency of a litigant in a civil trial or proceeding when circumstances are brought to the judge's attention, which raise a substantial question as to whether the litigant is non compos mentis." J.A.A., ___ N.C. App. at ___, ___ S.E.2d at ___ (citing Rutledge v. Rutledge, 10 N.C. App. 427, 432, 179 S.E.2d 163, 166 (1971)). "`Whether the circumstances . . . are sufficient to raise a substantial question as to the party's competency is a matter to be initially determined in the sound discretion of the trial judge.'" Id. at ___, ___ S.E.2d at ___ (quoting Rutledge, 10 N.C. App. at 432, 179 S.E.2d at 166). Here, although the initial neglect and dependency petition noted that respondent had been diagnosed with Anxiety Disorder, as the trial court's findings of fact and conclusions of law indicate, the evidence at the termination hearing related primarily to respondent's failure to satisfy the conditions of the case plan and her refusal to provide financial support for the children. Despite respondent's contention to the contrary, respondent's neglect of her children and mental health and substance abuse issues were not "so intertwined at times as to make separation of the two virtually, if not, impossible." See In re J.D., 164 N.C. App. 176, 182, 605 S.E.2d 643, 646 (concluding that guardian ad litem required where, although the petitioner declined to proceed upon the ground, N.C. Gen. Stat. § 7B-1111(a)(6) "was clearly alleged in the petition, [the petitioner] offered some evidence that tended to show that [the] respondent was incapable of caring for [the child] due to mental illness, and the trial court referenced that evidence in its order"), disc. review denied, 358 N.C. 732, 601 S.E.2d 531 (2004). Instead, respondent's use of marijuana and refusal to attend anger management counseling and other therapy were merely referred to as instances in which she failed to comply with the terms of her case plan. As petitioner argued at the close of the hearing:
There's been no evidence presented that she was incapable of making decisions at any point during the life of this juvenile case. . . . She's not suffered under any mental disability. . . . [T]here is no disability that prevents her from making the decisions and doing the things to which she agreed in the mediated case plan . . . .
In light of the foregoing, we conclude the trial court did not err by failing to appoint a guardian ad litem either pursuant to N.C. Gen. Stat. § 7B-1101(1) or on its own motion. Accordingly, respondent's third argument fails.
Respondent's final argument is that the trial court erred by concluding that sufficient grounds exist to terminate her parental rights and that it is in the best interests of the children to do so. Although the corresponding assignments of error refer to the insufficiency of the evidence supporting the trial court's determination as well as its abuse of discretion in making its determination, in the portion of her brief related to this argument, respondent only reasserts her contentions regarding the trial court's failure to appoint a guardian ad litem to represent her, stating that "[b]ecause the neglect allegations depend so heavily on matters that also support dependency, the trial court erred in finding that [respondent] neglected her children without appointing a guardian ad litem." As we have already examined this issue and determined the trial court did not err, we reject respondent's final argument regarding the trial court's determination of neglect. Further, because only one ground is necessary to support the termination of parental rights, see, e.g., J.A.A., ___ N.C. App. at ___, ___ S.E.2d at ___, we need not address whether sufficient evidence existed to support termination based on other grounds. Finally, since respondent has failed to offer any argument in support for her contention that the trial court erred in determining it was in the children's best interests to terminate her parental rights, we decline to address the merits of this contention. N.C.R. App. P. 28(b)(6) (2005) ("Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned."). Accordingly, respondent's last argument fails.
In light of the foregoing, we affirm the trial court order terminating respondent's parental rights to the children.
Affirmed.
Judges WYNN and STEELMAN concur.
Report per Rule 30(e).
NOTES
[1] N.C. Gen. Stat. § 7B-1101(1) was recently rewritten. The new guardian ad litem provisions, applicable to petitions or actions filed on or after 1 October 2005, now appear in N.C. Gen. Stat. § 7B-1101.1.