IN RE L.M.C.

[170 N.C. App. 676 (2005)]

IN THE MATTER OF: L.M.C.

No. COA04-912

(Filed 7 June 2005)

**1. Appeal and Error— preservation of issues—failure to object—plain error analysis inapplicable**

Although respondent mother contends the trial court erred by allowing the minor child's custodians to participate in the juvenile dependency proceedings without filing a motion to intervene, respondent failed to preserve this issue for review because: (1) the custodians participated in two prior proceedings on 9 July 2003 and 11 September 2003 as the minor child's caretakers, and respondent did not appeal from those orders which granted the custodians temporary and permanent custody respectively; (2) respondent did not object to their participation during the 11 December 2003 hearing; (3) although respondent argues plain error, plain error review is limited to criminal cases and is not applicable to civil cases; and (4) under N.C.G.S. § 7B-906(c), a custodian may present information to the trial court which the trial court is required to consider.

**2. Child Abuse and Neglect— dependency—permanency planning hearing—failure to appoint guardian ad litem for parent—mental health issues**

The trial court erred by conducting a permanency planning review hearing without appointing a guardian ad litem for respondent mother as required by N.C.G.S. § 7B-602(b)(1), because: (1) failure to appoint a guardian ad litem in any appropriate case is deemed prejudicial error per se, and court documents indicated that the mother had mental health issues, a depressive disorder and borderline personality disorder which resulted in the minor child's dependency; and (2) under N.C.G.S. § 7B-906, notice of the review hearing and its purpose was required to be given to the guardian ad litem and the court was required to consider any information the guardian ad litem presented.

Appeal by respondent from an order entered 18 December 2003 by Judge M. Patricia DeVine in Chatham County District Court. Heard in the Court of Appeals 2 March 2005.

**IN RE L.M.C.**

[170 N.C. App. 676 (2005)]

*Lunday A. Riggsbee for petitioner-appellee Chatham County Department of Social Services.*

*The Turrentine Group, PLLC, by Karlene Scott-Turrentine, for respondent-appellant.*

HUNTER, Judge.

By this appeal, the respondent-mother challenges the trial court's order granting guardianship of her minor daughter to Joy MacVane ("JM") and Ed Calamai ("EC"). As we conclude the trial court failed to appoint a guardian ad litem as required under N.C. Gen. Stat. § 7B-602(b)(1) (2003), we remand for a new permanency planning hearing.

The pertinent facts tend to indicate that LMC is a minor child born on 2 September 1988. On 1 February 2000, LMC's father died and LMC began residing with her paternal grandmother. Her mother had a long history of emotional instability and after LMC's father's death, the mother's relationship with LMC deteriorated. A psychological evaluation determined the mother suffered from a depressive disorder and borderline personality disorder.

A juvenile petition was filed by the Chatham County Department of Social Services ("DSS") on 8 October 2000 alleging emotional abuse, neglect, and dependency. On 29 November 2000, the mother consented to the petition allegations, custody was placed with DSS, and physical custody was given to the paternal grandmother.

In a 19 March 2001 order, the paternal grandmother was given guardianship of LMC. A few months later, in a 12 July 2001 order, the trial court terminated jurisdiction, relieved DSS and LMC's guardian ad litem of any further responsibility, and continued guardianship with the grandmother. The trial court ordered that family therapy involving LMC and her mother continue, and that the guardian, the paternal grandmother, would determine whether contact outside of therapy would occur between LMC and her mother.

Almost two years later, the paternal grandmother died on 16 April 2003. Although the grandmother named an adult niece as LMC's guardian in her will, DSS was given temporary custody as the child wanted to remain in North Carolina and LMC's therapist felt it was in LMC's best interest to remain in North Carolina. DSS filed a new juvenile petition on 21 May 2003 alleging LMC was dependent. The mother consented to the petition allegations during a 12 June 2003

hearing. In the 9 July 2003 order, the trial court gave temporary custody of LMC to JM and EC. After a September 2003 review hearing, permanent custody was given to JM and EC and a review hearing was scheduled for 11 December 2003. During the 11 December 2003 hearing, JM and EC requested guardianship of LMC. In its 18 December 2003 order, the trial court gave guardianship of LMC to JM and EC and relieved DSS and LMC's guardian ad litem of any further responsibility. The mother appeals.

As an initial matter, we note the mother consented to a finding of dependency. Thus, all of the mother's issues on appeal relate to the trial court's disposition in this matter.

[1] The mother first argues the trial court erroneously allowed JM and EC to participate in the juvenile dependency proceedings without filing a motion to intervene. However, we note the mother did not appeal from the 9 July 2003 and 11 September 2003 orders which granted JM and EC temporary custody and permanent custody, respectively. These orders indicate that JM and EC participated in these prior proceedings as LMC's caretakers. Moreover, the record indicates the mother did not object to their participation during the 11 December 2003 hearing. Accordingly, the mother has failed to properly preserve this issue for our review as the mother failed to object to JM's and EC's participation in the proceedings at the trial level. *See* N.C.R. App. P. 10(b)(1). Although the mother argues this issue under a plain error analysis on appeal, we note that plain error review is limited to criminal cases and is not applicable to civil cases. *See Durham v. Quincy Mutual Fire Ins. Co.*, 311 N.C. 361, 367, 317 S.E.2d 372, 377 (1984). Furthermore, under N.C. Gen. Stat. § 7B-906(c) (2003), a custodian may present information to the trial court which the trial court is required to consider.

[2] Next, the mother argues the trial court erroneously conducted a review hearing without appointing a guardian ad litem for her pursuant to N.C. Gen. Stat. § 7B-602.[1] N.C. Gen. Stat. § 7B-602(b) states in pertinent part:

> [A] guardian ad litem shall be appointed in accordance with the provisions of G.S. 1A-1, Rule 17, to represent a parent in the following cases:

---

1. In her brief, the mother refers to N.C. Gen. Stat. § 7B-1111(6) (2004) as the statute governing when an appointment of a guardian ad litem for a parent is required. However, N.C. Gen. Stat. § 7B-1111 provides a list of grounds upon which parental rights may be terminated and this case is not a termination of parental rights proceeding. Rather, the governing statute is N.C. Gen. Stat. § 7B-602.

(1) Where it is alleged that the juvenile is a dependent juvenile within the meaning of G.S. 7B-101 in that the parent is incapable as the result of substance abuse, mental retardation, mental illness, organic brain syndrome, or any other similar cause or condition of providing for the proper care and supervision of the juvenile[.]

*Id.* As explained in *In re H.W.*, 163 N.C. App. 438, 447, 594 S.E.2d 211, 216 (2004), N.C. Gen. Stat. § 7B-602

requires the appointment of a guardian ad litem only in cases where (1) it is alleged that a juvenile is dependent; and (2) the juvenile's dependency is alleged to be caused by a parent or guardian being "incapable as the result of substance abuse, mental retardation, mental illness, organic brain syndrome, or any other similar cause or condition of providing for the proper care and supervision of the juvenile."

*Id.* (emphasis omitted) (citation omitted). The "failure to appoint a guardian ad litem in any appropriate case is deemed prejudicial error *per se*[.]" *Id.* at 448, 594 S.E.2d at 216. In this case, the sole allegation in the juvenile petition was that LMC was a dependent juvenile. Although the juvenile petition indicated the facts supporting the dependency allegation were in an attached document, the attached document is not in the record before this Court. However, the court documents indicate the mother had mental health issues, a depressive disorder and borderline personality disorder, which resulted in LMC's dependency. Specifically, the 18 December 2003 order stated: "There has been a long history of mental instability and some inappropriate behaviors by the juvenile's mother . . . that has negatively impacted the stability and well-being of the juvenile." Therefore, the trial court erroneously failed to appoint a guardian ad litem for the respondent-mother.

Under N.C. Gen. Stat. § 7B-906, notice of the review hearing and its purpose was required to be given to the guardian ad litem and the court was required to consider any information the guardian ad litem presented. Accordingly, because the trial court failed to appoint the mother a guardian ad litem, the guardianship order is vacated and this cause is remanded for the appointment of a guardian ad litem and a new review hearing.

The mother also presents several issues regarding the trial court's findings of fact, conclusions of law, evidentiary and motion rulings. It

is unnecessary to address the remaining issues in light of our conclusion that the trial court's order must be vacated and this case remanded for further proceedings. We note that on remand, the trial court must comply with the provisions of N.C. Gen. Stat. §§ 7B-600, 7B-602, 7B-906 and 7B-907.

Vacated and remanded for further proceedings.

Judges CALABRIA and JACKSON concur.