IN THE MATTER OF: C.B.

No. COA04-1166

(Filed 5 July 2005)

**1. Child Abuse and Neglect— failure to appoint guardian ad litem for parent—mental illness**

The trial court erred by adjudicating respondent mother's minor daughter as dependent and neglected without appointing respondent a guardian ad litem as required by N.C.G.S. § 7B-602 and the case is remanded for a new trial, because: (1) the neglect and dependency petition specifically alleged dependency as a ground for adjudication, and the petition twice referred to respondent's mental health issues and referenced respondent's alleged sexual abuse of her own four-year-old son; and (2) petitioner cites no authority for the proposition that the allegation of the petition must be specific to trigger the requirements of N.C.G.S. § 7B-602, and various witnesses testified regarding respondent's mental illness.

**2. Evidence— court reports—child neglect adjudication**

The trial court did not err by incorporating into the child neglect adjudication order two court reports filed by a social

IN RE C.B.

[171 N.C. App. 341 (2005)]

worker and a guardian ad litem program supervisor, because: (1) the trial court's order specifically states the court reports were accepted into evidence for disposition purposes and not adjudication purposes; and (2) the court reports were introduced into evidence after the trial court moved to the disposition stage of the proceedings, and N.C.G.S. § 7B-901 provides that the court may consider written reports or other evidence concerning the needs of the juvenile during the disposition hearing and allows the parties an opportunity to present evidence and to advise the court concerning the disposition they believe to be in the best interests of the juvenile.

Appeal by respondent-mother from order entered 29 April 2004 by Judge J.H. Corpening in New Hanover County District Court. Heard in the Court of Appeals 6 June 2005.

*Dean W. Hollandsworth for petitioner-appellee New Hanover County Department of Social Services.*

*Regina Floyd-Davis for guardian ad litem-appellee.*

*Lisa Skinner Lefler for respondent-appellant.*

TIMMONS-GOODSON, Judge.

Respondent-mother ("respondent") appeals the trial court order adjudicating her minor daughter, Christine,[1] dependent and neglected. Because the trial court erred by failing to appoint a guardian *ad litem* for respondent, we reverse the trial court order and remand the case for a new trial.

The facts and procedural history pertinent to the instant appeal are as follows: On 15 November 2002, New Hanover County Department of Social Services ("petitioner") filed a Juvenile Petition alleging that Christine was a neglected juvenile, in that she lived in an environment injurious to her welfare. In support of this allegation, petitioner asserted that respondent had been charged in Onslow County "with multiple charges of 1st degree rape, sexual offense, indecent liberties with a minor, incest, and contributing to the delinquency of a minor," with the alleged victim being respondent's four-year-old son and Christine's older brother,

---

1. For the purposes of this opinion, we will refer to the minor child by the pseudonym "Christine."

**IN RE C.B.**

[171 N.C. App. 341 (2005)]

Ronald.[2] Petitioner further asserted that Orange County Department of Social Services had "substantiated sexual abuse" arising out of these incidents, and that respondent was "alleged to have mental health issues."

The petition also alleged that Christine was a dependent juvenile. In support of this allegation, petitioner asserted that respondent "is alleged to suffer from mental health issues [and] is charged criminally for sexually assaulting her son . . . ."

On 14 January 2004 and 4 February 2004, the trial court heard argument and received evidence from the parties. On 29 April 2004, the trial court entered an order containing the following pertinent findings of fact:

6. [Respondent] has been charged in Onslow County with multiple counts of rape, incest, sexual offense, and indecent liberties with a minor arising from the sexual abuse incidents with her son, [Ronald]. Such charges were recently referred to the grand jury but have not been tried as of yet.

7. The sexual abuse of [Ronald] by [respondent] was substantiated by the Orange County Department of Social Services, as was his physical abuse at age two, also by [respondent]. Such substantiation of sexual abuse took into account the report of Donna Potter and Dr. Dana Leinenweber of the Center for Child and Family Health and the disclosures of the child to various persons.

. . . .

15. [Respondent] suffers from mental health issues, not by the testimony of a psychologist or therapist but by her own testimony and that of other witnesses, including [Ronald], Debra Reuben and [Christine's father]. [Ronald] testified as to her aberrant sexual behavior towards him, which the Court finds as fact, [Christine's father] testified as to her depression and mood swings, as did Ms. Reuben, citing strange interactions between [respondent] and [Christine] in visitation and incidents of voice changes during phone conversations with [respondent]. Also, [respondent's] accounts of a twin fetus being born dead with

---

2. For the purposes of this opinion, we will refer to the minor child by the pseudonym "Ronald."

[Christine] along with other testimony by her observed by the Court, raises issues of her mental stability.

. . . .

17. [Christine] was dependent at the time of the Juvenile petition due to [respondent's] inability to provide a safe home for her due to her pending criminal charges and mental health issues . . . .

. . . .

19. The Court Report dated January 14, 2004, and prepared by Debra Reuben, social worker with New Hanover County Department of Social Services, was accepted into evidence by the Court for disposition purposes and is incorporated by reference hereto.

20. The Court Report dated January 14, 2004, and prepared by Leslie B. Wilder, Guardian ad Litem program supervisor, was accepted into evidence by the Court for disposition purposes and is incorporated by reference hereto.

Based in part upon these findings of fact, the trial court concluded as a matter of law that Christine was a dependent and neglected juvenile as defined by N.C. Gen. Stat. § 7B-101(9) and (15). After concluding that it was in Christine's best interests to do so, the trial court placed Christine in her father's custody, denied respondent visitation, and allowed petitioner to cease efforts to reunite Christine with respondent. Respondent appeals.

[1] The dispositive issue on appeal is whether the trial court erred by failing to appoint a guardian *ad litem* to represent respondent. Because we conclude that respondent was entitled to an appointed guardian *ad litem*, we reverse the trial court order and remand the case for a new trial.

N.C. Gen. Stat. § 7B-602 (2003) provides in pertinent part as follows:

(b) In addition to the right to appointed counsel . . ., a guardian ad litem shall be appointed in accordance with the provisions of G.S. 1A-1, Rule 17, to represent a parent in the following cases:

(1) Where it is alleged that the juvenile is a dependent juvenile within the meaning of G.S. 7B-101 in that the parent is incapable as the result of substance abuse, mental

retardation, mental illness, organic brain syndrome, or any other similar cause or condition of providing for the proper care and supervision of the juvenile[.]

This Court has previously noted that N.C. Gen. Stat. § 7B-602(b) "is narrow in scope and does not require the appointment of a guardian ad litem in every case where dependency is alleged, nor does it require the appointment of a guardian ad litem in every case where substance abuse or some other cognitive limitation is alleged." *In re H.W.*, 163 N.C. App. 438, 447, 594 S.E.2d 211, 216, *disc. review denied*, 358 N.C. 543, 599 S.E.2d 46 (2004). Instead, we have concluded that N.C. Gen. Stat. § 7B-602(b)(1) requires appointment of a guardian *ad litem* only where "(1) the petition specifically alleges dependency; and (2) the majority of the dependency allegations tend to show that a parent or guardian is incapable as the result of some debilitating condition listed in the statute of providing for the proper care and supervision of his or her child." *Id.*

In *H.W.*, we affirmed the trial court's adjudication order and held that the trial court was not required to appoint a guardian *ad litem* for the respondent because the relevant petition did not allege that the juvenile was dependent based upon the respondent's substance abuse and incapacity. *Id.* However, in the instant case, the neglect and dependency petition specifically alleged dependency as a ground for adjudication, and the petition twice referred to respondent's "mental health issues" and referenced respondent's alleged sexual abuse of her own four-year-old son. Petitioner nevertheless asserts that a guardian *ad litem* was not required because there was no specific mental illness alleged or found by the trial court. However, petitioner cites no authority for the proposition that the allegations of the petition must be specific to trigger the requirements of N.C. Gen. Stat. § 7B-602, and we note that at trial, various witnesses testified regarding respondent's mental illness.

We recognize that the commencement of the action is the primary focus in determining whether the trial court erred by failing to appoint a guardian *ad litem* pursuant to N.C. Gen. Stat. § 7B-602(b). However, we also recognize that in termination proceedings, when determining whether an appointed guardian *ad litem* was required by N.C. Gen. Stat. § 7B-1101, this Court has considered the evidence introduced by the parties during the hearing and relied upon by the trial court in its termination order. *See In re J.D.*, 164 N.C. App. 176, 182, 605 S.E.2d 643, 646, *disc. review denied*, 358 N.C. 732, 601 S.E.2d

531 (2004) (holding that guardian *ad litem* required by N.C. Gen. Stat. § 7B-1101 in termination hearing where, although dependency was not pursued as a ground for termination, "some evidence . . . tended to show that respondent's mental health issues and the child's neglect were so intertwined at times as to make separation of the two virtually, if not, impossible[,]" and the trial court referred to and considered mental health issues in its termination order). We see no reason why our analysis of the issues arising under N.C. Gen. Stat. § 7B-1101 would not be applicable to the same issues arising under N.C. Gen. Stat. § 7B-602(b). Thus, in the instant case, after reviewing the petition, evidence, and adjudication order entered by the trial court, we conclude that the trial court erred by failing to appoint a guardian *ad litem* for respondent.

As detailed above, the petition alleging neglect and dependency twice referred to respondent's "mental health issues" and the criminal charges pending against her. At trial, New Hanover County Department of Social Services Social Worker Debra Reuben ("Reuben") testified that respondent's "unusual actions" were "getting more consistent in every visit" with Christine, and that she had noticed "a swing in [respondent's] mood" during several visits. Reuben testified that "several times" she called respondent and believed she "was talking to a different person" with a "totally different" voice. Reuben testified that she would continue to talk to respondent and then hear her voice, "but it appeared to be a different tone, a different elevation, a different voice," and it "confused" Reuben "several times[.]" Reuben later testified that respondent's psychological evaluation "cited [that] she had narcissistic tendencies." On cross-examination, Christine's father testified regarding his concerns for respondent's "mental stability." After hearing this testimony, the trial court found as fact that respondent "suffers from mental health issues," and that the testimony of the witnesses "raises issues of her mental stability." In light of the foregoing, we hold that, under the facts and circumstances of this case, the trial court erred by failing to appoint a guardian *ad litem* for respondent. Accordingly, we reverse the trial court's order and remand the case for a new trial.

We note that respondent also argues that the trial court erred by incorporating two court reports into its order. Although our resolution of the guardian *ad litem* issue is dispositive of this appeal, because the same issue may again arise upon rehearing, in the interest of judicial economy we have elected to examine the merits of respondent's argument.

**IN RE D.D.Y.**

[171 N.C. App. 347 (2005)]

**[2]** Respondent contends that the trial court committed reversible error by incorporating "into the order on adjudication" court reports filed by Reuben and Guardian Ad Litem Program Supervisor Leslie B. Wilder ("Wilder"). However, we note that the trial court's order specifically states that the court reports were "accepted into evidence . . . for disposition purposes" and not adjudication purposes. Furthermore, our review of the transcript indicates that the court reports were introduced into evidence after the trial court moved to the disposition stage of the proceedings. N.C. Gen. Stat. § 7B-901 (2003) provides that "the court may consider written reports or other evidence concerning the needs of the juvenile" during the disposition hearing, and it allows the parties "an opportunity to present evidence, and [to] advise the court concerning the disposition they believe to be in the best interests of the juvenile." In light of the foregoing, we conclude that the trial court did not err in considering the court reports during disposition. Nevertheless, because we have concluded that the trial court erred by failing to appoint a guardian *ad litem* to represent respondent, the trial court's order finding Christine neglected and dependent is reversed, and the case is remanded for a new trial. On remand, the trial court is instructed to appoint a guardian *ad litem* for respondent pursuant to the provisions of N.C. Gen. Stat. § 7B-602(b).

Reversed and remanded.

Chief Judge MARTIN and Judge WYNN concur.