IN THE MATTER OF: K.H. AND P.D.D., MINOR CHILDREN

No. COA05-655

(Filed 4 April 2006)

**1. Appeal and Error— appealability—permanency planning order**

A permanency planning order that changed the permanent plan from reunification to adoption was a final order from which appeal could be taken.

**2. Termination of Parental Rights— permanency planning order—appointment of guardian ad litem for parent**

A permanency planning order was remanded for a hearing as to whether respondent-parent was entitled to the appointment of a guardian ad litem where the evidence raised genuine issues about the interplay between respondent's mental health, the neglect of his children, and his entitlement to a guardian ad litem. N.C.G.S. § 7B-602(b)(1).

Judge JACKSON dissenting.

Appeal by respondent father from orders entered 28 September 2004 by Judge Patricia Kaufmann Young in Buncombe County District Court. Heard in the Court of Appeals 7 February 2006.

*Sybil G. Mann and Lisa Morrison for petitioner-appellee Buncombe County Department of Social Services.*

*Michael N. Tousey for Guardian ad Litem, Jan Wilkins.*

**IN RE K.H. & P.D.D.**

[177 N.C. App. 110 (2006)]

*Susan J. Hall for respondent-appellee mother.*

*Katharine Chester for respondent-appellant father.*

HUNTER, Judge.

Respondent-father ("respondent") appeals from two permanency planning and review orders entered by the trial court relieving the Buncombe County Department of Social Services ("DSS") of further efforts to reunify respondent with his minor child, P.D.D., and his stepdaughter, K.H. Respondent contends the trial court erred in failing to appoint a guardian ad litem to represent him where the record contained substantial evidence of his mental illness and substance abuse. We agree that the trial court erred in failing to hold a hearing as to whether respondent was entitled to appointment of a guardian ad litem, and we therefore reverse the permanency planning orders of the trial court.

On 18 September 2003, DSS filed a juvenile petition in Buncombe County District Court alleging that one-month-old P.D.D. was a neglected juvenile in that he lived in an environment injurious to his welfare. The petition alleged, *inter alia*, that respondent regularly used crack cocaine, was verbally and physically abusive towards his wife (P.D.D.'s mother) and other members of the household, and had threatened to kill an investigative social worker. A nonsecure custody order was subsequently issued. On 17 March 2004, P.D.D. was adjudicated neglected. The central concerns with respondent's parental abilities, as found by the trial court in its order of adjudication and disposition, were (1) his substance abuse; (2) domestic violence perpetrated by respondent; and (3) issues of anger management. The trial court also found that respondent had been diagnosed "with depression, Bipolar Disorder, that he has been viewed as suicidal and homicidal, that he has been addicted to crack cocaine and started using approximately 20 to 25 years ago." Respondent had also been diagnosed with "Personality Disorder NOS" and "appears to have some borderline tendencies including 'splitting' the world into extremes."

On 20 August 2004, the trial court held a permanency planning and review hearing pursuant to N.C. Gen. Stat. § 7B-907(a) regarding both P.D.D. and respondent's stepdaughter, K.H., who had earlier been adjudicated neglected in a separate proceeding. In its subsequent order, the trial court noted that respondent had attempted to commit suicide in June of 2004 by slitting his throat, and found that

respondent's "suicidal incident in June raises ongoing concern about his mental health[.]" The trial court found respondent had not addressed the issues of domestic violence and substance abuse that led to the children's removal from the home. After reviewing the evidence, the trial court found and concluded that the best plan to achieve a safe, permanent home for P.D.D. and K.H. would be to change the plan from reunification to adoption with a concurrent plan of guardianship with a relative. The trial court therefore relieved DSS of further reunification efforts with respondent. Respondent appeals. Respondent-mother does not appeal.

**[1]** Initially, it should be noted that the district court's order is a final order and, as such, is appealable. *See* N.C. Gen. Stat. § 7B-1001 (2003) (orders of disposition after an adjudication of abuse, neglect, or dependency are appealable final orders); *In re Weiler*, 158 N.C. App. 473, 477, 581 S.E.2d 134, 136-37 (2003) (an order that ceases reunification and allows termination of rights is a dispositional order that is appealable). Because the permanency planning order changed the permanent plan from reunification to that of adoption, it is a final order from which appeal may be taken. *See In re C.L.S.*, 175 N.C. App. 240, 241-42, 623 S.E.2d 61, 62-63 (2005).

**[2]** Respondent argues the trial court erred in failing to appoint a guardian ad litem pursuant to section 7B-602 of the North Carolina General Statutes, which provides in pertinent part that:

> (b) In addition to the right to appointed counsel . . . a guardian ad litem shall be appointed in accordance with the provisions of G.S. 1A-1, Rule 17, to represent a parent in the following cases:
>
>> (1) Where it is alleged that the juvenile is a dependent juvenile within the meaning of G.S. 7B-101 in that the parent is incapable as the result of substance abuse, mental retardation, mental illness, organic brain syndrome, or any other similar cause or condition of providing for the proper care and supervision of the juvenile[.]

N.C. Gen. Stat. § 7B-602(b) (2003).[1] Section 7B-602(b)(1) requires appointment of a guardian ad litem where "(1) the petition specifi-

---

1. We note that N.C. Gen. Stat. § 7B-602 has since been amended to provide for appointment of a guardian ad litem for a non-minor parent upon motion "if the court determines that there is a reasonable basis to believe that the parent is incompetent or has diminished capacity and cannot adequately act in his or her own interest." 2005

**IN RE K.H. & P.D.D.**

[177 N.C. App. 110 (2006)]

cally alleges dependency; and (2) the majority of the dependency allegations tend to show that a parent or guardian is incapable as the result of some debilitating condition listed in the statute of providing for the proper care and supervision of his or her child." *In re H.W.,* 163 N.C. App. 438, 447, 594 S.E.2d 211, 216, *disc. review denied,* 358 N.C. 543, 599 S.E.2d 46 (2004).

. ˙ In the present case, there is no express allegation of dependency, and no allegations of incapability on the part of respondent. Nevertheless, this Court will reverse an order for appointment of guardian ad litem where the evidence tends to show "that respondent's mental health issues and the child's neglect [are] so intertwined at times as to make separation of the two virtually, if not, impossible." *In re J.D.,* 164 N.C. App. 176, 182 605 S.E.2d 643, 646 (2004); *In re C.B.,* 171 N.C. App. 341, 346, 614 S.E.2d 579, 581-82 (2005).

In the present case, it is unclear the extent to which respondent's mental health issues are inextricably linked to the issues of domestic violence, substance abuse, and anger management that support the finding of continued neglect of K.H. and P.D.D. The evidence indicating respondent suffers from depression,. Bipolar Disorder, Personality Disorder NOS, as well as his suicide attempt, raises genuine questions regarding the interplay between respondent's mental health, the neglect of his children, and his entitlement to a guardian ad litem. As such, we conclude the trial court erred in failing to hold a hearing as to respondent's need for a guardian ad litem, and we reverse the orders of the trial court and remand for a hearing as to whether respondent is entitled to appointment of a guardian ad litem. *See In re L.M.C.,* 170 N.C. App. 676, 678-79, 613 S.E.2d 256, 258 (2005) (vacating a permanency planning order for failure to appoint a guardian ad litem).

Reversed and remanded.

Judge WYNN concurs.

Judge JACKSON dissents in a separate opinion.

---

N.C. Sess. Laws ch. 398, § 2. The amendment applies to cases arising after 1 October 2005. As the juvenile petition in the present case was filed 18 September 2003, the current amendment is inapplicable.

**IN RE K.H. & P.D.D.**

[177 N.C. App. 110 (2006)]

JACKSON, Judge dissents.

For the reasons stated below, I must respectfully dissent from the majority's opinion reversing the permanency planning orders, and holding the trial court erred in failing to conduct a hearing as to whether respondent was entitled to the appointment of a guardian *ad litem*.

While the majority relies on *In re J.D.* and *In re C.B.* for the conclusion that respondent's mental health issues were so intertwined with P.D.D. and K.H.'s neglect, such that separating the two was virtually impossible, the instant case is distinguishable from *J.D.* and *C.B.* In both of those cases, the petitions actually alleged that the children were dependent on the respondents in those cases, and that the respondents' mental illnesses significantly contributed to the children being dependent. *See In re C.B.*, 171 N.C. App. 341, 346, 614 S.E.2d 579, 582 (2005); *In re J.D.*, 164 N.C. App. 176, 182, 605 S.E.2d 643, 646 (2004). This is not so in the instant case. Here there has been no allegation of dependency or of respondent's incapability to parent, and his mental illness has not been alleged as a significant factor in the neglect of P.D.D. or K.H.

The case of *In re L.M.C.*, also relied on by the majority, also may be distinguished from the instant case. In *L.M.C.*, when dependency was alleged in the juvenile petition, this Court held the trial court erred in failing to appoint a guardian *ad litem* for the respondent mother, after the court had been presented with evidence sufficient to support a finding that the juvenile's mother had various mental health disorders, and that these disorders resulted in L.M.C. being dependent on her mother. *In re L.M.C.*, 170 N.C. App. 676, 679, 613 S.E.2d 256, 258 (2005). In the instant case, although respondent was diagnosed as having Bipolar Disorder and other personality issues which might interfere with his being able to be an effective, nurturing, and safe parent, there was not a finding by any mental health professional or an allegation that respondent's mental health issues resulted in P.D.D. and K.H. being neglected or dependent, or that he was incapable of parenting the children.

Based on the record before this Court, there is no dispute that respondent suffers from various mental health issues and that he has failed to comply with the prior court orders, however there is not sufficient evidence that his mental health issues resulted in respondent's being incapable to parent or care for P.D.D. and K.H. This Court has held that even though a juvenile petition may not specifically refer-

ence dependency or allegations of incapability on the part of respondent, when the trial court allows evidence to be presented regarding the parent's mental illness and substance abuse, and the adverse effect on the parent's ability to care for their children, the parent may be entitled to have a guardian *ad litem* appointed. *In re T.W.*, 173 N.C. App. 153, 157-58, 617 S.E.2d 702, 706 (2005); *In re B.M.*, 168 N.C. App. 350, 358-59, 607 S.E.2d 698, 704 (2005). Although the trial court in the instant case may have taken respondent's mental health issues into consideration when ruling on respondent's permanency planning order, there is no indication that the trial court's ruling was based solely on respondent's mental health issues and their effect on his ability to parent P.D.D. and K.H. Also, at no point during the permanency planning review hearings did respondent request the appointment of a guardian *ad litem* based on his mental illness. *Cf. In re T.W.*, 173 N.C. App. at 158-59, 617 S.E.2d at 706 (respondent specifically petitioned the trial court for appointment of guardian *ad litem* based upon her mental illness, and the trial court erred in not appointing one when it considered her mental illness as a factor in deciding to terminate her parental rights).

While dependency or respondent's incapability may not have been alleged in the juvenile petition, we still must determine whether respondent was entitled to the appointment of a guardian *ad litem* per Rule 17 of our Rules of Civil Procedure. *In re J.A.A.*, 175 N.C. App. 66, 71, 623 S.E.2d 45, 49 (2005). Rule 17 provides that

> In actions or special proceedings when any of the defendants are . . . incompetent persons, . . . they must defend by general or testamentary guardian, if they have any within this State or by guardian *ad litem* appointed hereinafter provided; and if they have no known general or testamentary guardian in the State, . . . the court in which said action or special proceeding is pending, upon motion of any of the parties, may appoint some discreet person to act as guardian *ad litem* to defend in behalf of such . . . incompetent persons . . . .

N.C. Gen. Stat. § 1A-1, Rule 17(b)(2) (2005). Thus, a trial court need only inquire into the competency of a litigant in a case such as respondent's when "circumstances are brought to [the trial court's] attention, which raise a substantial question as to whether the litigant is *non compos mentis.*" *J.A.A.*, 175 N.C. App. at 72, 623 S.E.2d at 49 (citing *Rutledge v. Rutledge*, 10 N.C. App. 427, 432, 179 S.E.2d 163, 166 (1971)). After reviewing the record in the instant case, I believe the

evidence was insufficient to raise a substantial question regarding respondent's competency. Thus, I believe respondent was not entitled to the appointment of a guardian *ad litem* per Rule 17.

Although the juvenile petition in the instant case does contain references to respondent's drug abuse, and the subsequent permanency planning orders reference respondent's mental health issues, "the trial court is not required to appoint a guardian *ad litem* 'in every case where substance abuse or some other cognitive limitation is alleged.' " *J.A.A.*, 175 N.C. App. at 70-71, 623 S.E.2d at 48 (citations omitted). As there were no allegations of dependency or respondent's incapability to parent P.D.D. and K.H. properly, I would affirm the trial court's permanency planning orders, and hold the trial court was not required to conduct a hearing on the issue of appointing a guardian *ad litem* for respondent.