IN RE: C.P.H. and C.L.H.
No. COA06-977
Court of Appeals of North Carolina.
Filed February 6, 2007
This case not for publication
Don Willey for respondent-appellant-mother.
Womble Carlyle Sandridge & Rice, PLLC, by John E. Pueschel, for guardian ad litem; and H. Lee Merritt, Jr., for petitioner-appellee Surry County Department of Social Services.
McGEE, Judge.
The Surry County Department of Social Services (DSS) filed petitions on 29 December 2004 alleging that C.P.H. and C.L.H. (the children) were neglected and dependent juveniles. On the same date, non-secure custody orders were entered and the children were placed with their maternal great aunt and uncle. The children were adjudicated neglected juveniles on 11 April 2005, and placement was continued with their maternal great aunt and uncle. The trial court entered permanency planning orders on 6 January 2006 relieving DSS of further reunification efforts with Respondent and appointing the childrens' maternal great aunt and uncle as guardians. Respondent appeals.
The dispositive issue on appeal is whether the trial court erred by failing to appoint a guardian ad litem for Respondent . N.C. Gen. Stat. § 7B-602 (2003), the statute applicable on the date the action was filed, states in pertinent part:
[A] guardian ad litem shall be appointed in accordance with the provisions of G.S. 1A-1, Rule 17, to represent a parent in the following cases:
(1) Where it is alleged that the juvenile is a dependent juvenile within the meaning of G.S. 7B-101 in that the parent is incapable as the result of substance abuse, mental retardation, mental illness, organic brain syndrome, or any other similar cause or condition of providing for the proper care and supervision of the juvenile[.]
In In re L.M.C., 170 N.C. App. 676, 679, 613 S.E.2d 256, 258 (2005), this Court vacated a guardianship order and remanded for a new permanency planning hearing because the trial court failed to appoint a guardian ad litem for the respondent-mother. In L.M.C., "the mother had mental health issues, a depressive disorder and borderline personality disorder[.]" Id. Further, we have found that where the evidence tends to show "that [the] respondent's mental health issues and the child's neglect [are] so intertwined at times as to make separation of the two virtually, if not, impossible[,]" appointment of a guardian ad litem is necessary. In re J.D., 164 N.C. App. 176, 182, 605 S.E.2d 643, 646, disc. review denied, 358 N.C. 732, 601 S.E.2d 531 (2004). Finally, "[t]he failure to appoint a guardian ad litem in any appropriate case is deemed prejudicial error per se[.]" L.M.C., 170 N.C. App at 679, 613 S.E.2d at 258. In this case, the trial court found that "[Respondent] suffered from multiple illnesses, bipolar disorder, spectrum illness, bipolar 2 with panic disorder, benzodiazepine abuse disorder, and underlying personality disorder." Furthermore, the trial court found that since DSS had taken custody of the children, Respondent had not sought treatment for the illnesses and that there was no evidence that Respondent no longer suffered from the illnesses. The trial court indicated that it was relying, at least in part, on Respondent's psychological illnesses in its finding that the children would not likely return to Respondent's home during the next six months. This finding further led to the trial court's conclusion that placement of the children with the maternal great aunt and uncle was the best plan of care to achieve a safe and permanent home for the children. In addition, the petitions filed by DSS in these actions alleged that Respondent had "failed to cooperate with mental health appointments for herself and the children." DSS agrees in its brief that based on recent decisions of our Court, this matter should be remanded for consideration of appointment of a guardian ad litem for Respondent. We conclude that Respondent was entitled to appointment of a guardian ad litem. We therefore reverse and remand.
Respondent presents several arguments regarding the trial court's findings of fact and conclusions of law which we do not address in light of our conclusion that this case must be remanded for further proceedings.
Reversed and remanded.
Chief Judge MARTIN and Judge HUNTER concur.
Report per Rule 30(e).