IN THE MATTER OF:  T.T. AND A.T.

No. COA06-117

(Filed 6 March 2007)

**1. Child Abuse and Neglect— parent—substance abuse and mental health issues—guardian ad litem**

   A guardian ad litem should have been appointed for the mother of juveniles adjudicated neglected and dependent, even though the petition did not specifically state that the juveniles' dependency was based upon respondent mother's incapability to care for them due to her substance abuse and mental illness, where the record shows that the court considered evidence and found that the juveniles' dependency was based in part on respondent's lack of capacity to care for them due to substance abuse and mental illness.

**2. Child Abuse and Neglect— neglected juveniles—visitation—judicial function—delegation to guardian erroneous**

   Although the appeal was decided on other grounds, the trial court erred by ordering in a permanency planning order for neglected juveniles that visitation with their mother would be in the discretion of the guardians. The award of custody and visitation rights is a judicial function.

Appeal by respondent from an order entered 29 June 2005 by Judge Shelly S. Holt in New Hanover County District Court. Heard in the Court of Appeals 6 February 2007.

*Julia Talbutt, for New Hanover County Department of Social Services, petitioner-appellee.*

*Regina Floyd-Davis, for Guardian ad Litem.*

*Lisa Skinner Lefler, for respondent-mother-appellant.*

**IN RE T.T. & A.T.**

[182 N.C. App. 145 (2007)]

JACKSON, Judge.

On 24 July 2003, the New Hanover County Department of Social Services ("DSS") filed a juvenile petition alleging that T.T. and A.T. were neglected and dependent as to both their mother ("respondent") and father.[1] The allegations serving as the basis for the petition alleged that "neither parent has a suitable or appropriate place for the children and in that both parents abuse alcohol and perhaps other substances and in that [respondent] is afflicted with mental illness, including depression and borderline personality disorder." The juveniles initially came into DSS' care after respondent left them with a caretaker while she attempted to find stable housing. The caretaker with whom the juveniles were left subsequently became unable to keep the children and contacted DSS.

At an adjudication hearing held 25 September 2003, the children were adjudicated neglected and dependent based upon both of their parents' substance abuse problems, their mother's mental illness, and the parents' failure to provide a stable home for them. At this hearing, the children were placed into the custody of paternal relatives of the children's sibling. Over the course of the next year and a half, the juveniles remained in the custody and care of the sibling's paternal relatives, while respondent attempted to make progress on her case plan with DSS, her mental health issues, and her substance abuse problems.

At a hearing held 24 June 2004, the trial court changed the permanent plan for the juveniles from reunification with one of their parents, to that of adoption. A permanency planning review hearing was held one year later on 2 June 2005, and at this hearing, the trial court changed the permanent plan for the juveniles to guardianship with the sibling's paternal relatives with whom the juveniles had been living since the initiation of this action. In its order, the trial court ruled "[t]hat visitation by the parents with the children is in the discretion of the Guardians of the Persons." Further reviews of the case were waived, however the matter may be reviewed upon a motion by any party. Respondent appeals from this permanency planning order in which the permanent plan for the children was changed from adoption to guardianship.

**[1]** Respondent first contends the trial court erred in failing to *sua sponte* appoint a guardian *ad litem* for her pursuant to North

---

1. The juveniles' mother is the sole appellant in the instant case.

Carolina General Statutes, section 7B-602(b)(1). Section 7B-602(b) provides in pertinent part:

> In addition to the right to appointed counsel . . . a guardian ad litem shall be appointed in accordance with the provisions of G.S. 1A-1, Rule 17, to represent a parent in the following cases:

> (1) Where it is alleged that the juvenile is a dependent juvenile within the meaning of G.S. 7B-101 in that the parent is incapable as the result of substance abuse, mental retardation, mental illness, organic brain syndrome, or any other similar cause or condition of providing for the proper care and supervision of the juvenile[.]

N.C. Gen. Stat. § 7B-602(b)(1) (2003). As we explained in *In re H.W.*, 163 N.C. App. 438, 594 S.E.2d 211, *disc. review denied*, 358 N.C. 543, 603 S.E.2d 877 (2004), section 7B-602

> requires the appointment of a guardian ad litem only in cases where (1) it is alleged that a juvenile is dependent; and (2) the juvenile's dependency is alleged to be caused by a parent or guardian being "incapable as the result of substance abuse, mental retardation, mental illness, organic brain syndrome, or any other similar cause or condition of providing for the proper care and supervision of the juvenile."

*Id.* at 447, 594 S.E.2d at 216 (emphasis omitted) (citation omitted). "The 'failure to appoint a guardian ad litem in any appropriate case is deemed prejudicial error *per se*[.]' " *In re L.M.C.*, 170 N.C. App. 676, 679, 613 S.E.2d 256, 258 (2005) (quoting *H.W.*, 163 N.C. App. at 448, 594 S.E.2d at 216).

In the instant case, the juvenile petition alleged that T.T. and A.T. were dependent juveniles who were "in need of placement in that neither parent has a suitable or appropriate place for the children and in that both parents abuse alcohol and perhaps other substances and in that [respondent] is afflicted with mental illness, including depression and borderline personality disorder." While the juvenile petition did not specifically state that the juveniles' dependency was based upon respondent's incapability to care for them due to her substance abuse problems and mental illness, the record before this Court shows that the trial court considered evidence and found as much. In the adjudication order signed 25 September 2003, the trial court specifically found:

IN RE T.T. & A.T.

[182 N.C. App. 145 (2007)]

That both parents have problems of substance abuse which have impaired their abilities to provide the basic necessities for the children and proper care and supervision of the children. That [respondent's] ability to care and provide for her children is also adversely affected by [respondent's] depression and borderline personality disorder.

This exact finding of fact was also included in the review order signed 11 December 2003, the permanency planning hearing order signed 24 June 2004, and the permanency planning review order signed 9 December 2004. Moreover, in the permanency planning review order at issue in the instant case, the trial court found that DSS "maintains that [respondent's] mental health problems also impair her effective parenting of the children." The trial court repeatedly took notice of respondent's mental illness, yet failed to appoint a guardian *ad litem*. Therefore, the trial court was on notice from the initiation of this case that respondent was alleged to have serious mental health issues which DSS and the trial court felt impacted her ability to properly care and supervise T.T. and A.T. *See In re D.D.Y.*, 171 N.C. App. 347, 352, 621 S.E.2d 15, 18 (2005).

Thus, as the juveniles were alleged to be dependent, based in part upon respondent's mental illness, we hold respondent was entitled to have a guardian ad litem appointed for her, and the trial court's failure to do so is "prejudicial error *per se*." *L.M.C.*, 170 N.C. App. at 679, 613 S.E.2d at 258. We therefore reverse the trial court's order, and remand for the appointment of a guardian ad litem for respondent and a new review hearing.

[2] Respondent next argues the trial court erred in ordering that visitation between respondent and the juveniles was "in the discretion of the Guardians of the Person." "Although our resolution of the guardian *ad litem* issue is dispositive of this appeal, because the same issue may again arise upon rehearing, in the interest of judicial economy we have elected to examine the merits of respondent's argument." *In re C.B.*, 171 N.C. App. 341, 346, 614 S.E.2d 579, 582 (2005).

North Carolina General Statutes, section 7B-905 provides in pertinent part that:

Any dispositional order under which a juvenile is removed from the custody of a parent, guardian, custodian, or caretaker, or under which the juvenile's placement is continued outside the

home shall provide for appropriate visitation as may be in the best interests of the juvenile and consistent with the juvenile's health and safety.

N.C. Gen. Stat. § 7B-905(c) (2003). This Court repeatedly has held that both the awarding of custody of a child and the award of visitation rights constitute the exercise of a judicial function. *In re L.B.*, 181 N.C. App. 174, 192, 639 S.E.2d 23, 32 (2007); *In re E.C.*, 174 N.C. App. 517, 522, 621 S.E.2d 647, 652 (2005); *In re Custody of Stancil*, 10 N.C. App. 545, 552, 179 S.E.2d 844, 849 (1971). "To give the custodian of the child authority to decide when, where and under what circumstances a parent may visit his or her child could result in a complete denial of the right and in any event would be delegating a judicial function to the custodian." *Stancil*, 10 N.C. App. at 552, 179 S.E.2d at 849. Thus, a trial court is not permitted to grant the privilege of visitation to the discretion of the guardian of the juveniles, as was done in the instant case. *E.C.*, 174 N.C. App. at 522, 621 S.E.2d at 652.

When the trial court has failed to make any findings of fact that the parent either has forfeited his or her right to visitation or that it is in the juvenile's best interest that visitation with the parent be denied, the trial court " 'should safeguard the parent's visitation rights by a provision in the order defining and establishing the time, place[,] and conditions under which such visitation rights may be exercised.' " *Id.* (quoting *Stancil*, 10 N.C. App. at 552, 179 S.E.2d at 849). In the instant case, the trial court's order makes no such findings of fact. Therefore, we hold the trial court erred by failing to include an appropriate visitation plan in its permanency planning review order. On remand, the trial court is ordered to make sufficient findings of fact regarding respondent's right to visitation with T.T. and A.T. Should visitation be found to be in the best interest of the juveniles, the trial court is ordered to provide a "minimum outline of visitation, such as the time, place, and conditions under which visitation may be exercised." *Id.* at 523, 621 S.E.2d at 652.

In light of our decision on respondent's need for a guardian *ad litem*, we do not address her final assignment of error.

Reversed and remanded with instructions.

Judges WYNN and STEELMAN concur.