611 S.E.2d 888 (2005)
In the Matter of B.N.H., a Minor Child.
No. COA04-846.
Court of Appeals of North Carolina.
May 3, 2005.
J. David Abernathy, Newton, for petitioner-appellee Catawba County Department of Social Services.
Carlton, Rhodes and Carlton, by Gary C. Rhodes, Salisbury, for respondent mother.
LEVINSON, Judge.
Respondent-mother appeals from an initial permanency planning order directing that the permanent plan for her son, B.N.H., be adoption. For the reasons that follow, we dismiss this appeal.
B.N.H. was born 17 June 2003. Petitioner Catawba County Department of Social Services *889 (DSS) filed a petition on 20 June 2003, alleging that the child was neglected and dependent. A nonsecure custody order was issued, placing legal custody with DSS and physical placement with the child's maternal grandmother. Shortly thereafter, respondent was appointed a guardian ad litem. Following a hearing on 29 July 2003, the trial court on 5 September 2003 entered an order adjudicating B.N.H. neglected and dependent. Custody was continued with DSS, and placement was continued with B.N.H.'s grandmother.
In October 2003, a review order was entered that continued placement with the child's grandmother, and directed DSS to continue making efforts to reunify B.N.H. with respondent. The next review hearing was held 13 January 2004. Following this review hearing, the court entered an order directing "DSS ... [to] cease ... mak[ing] efforts to return the minor child to his mother's home." Respondent did not attempt to appeal from this order.
On 10 February 2004 an initial permanency planning hearing was conducted. The trial court continued placement of the child with his grandmother and ordered that the permanent plan for B.N.H. be adoption. From this order, respondent appeals.
Petitioner's motion to dismiss respondent's appeal as interlocutory is dispositive of this matter. N.C.G.S. § 7B-1001 (2003), provides that appeal may be taken from "any final order of the court in a juvenile matter[.]" The statute defines a "final order" to include:
(1) Any order finding absence of jurisdiction;
(2) Any order which in effect determines the action and prevents a judgment from which appeal might be taken;
(3) Any order of disposition after an adjudication that a juvenile is abused, neglected, or dependent; or
(4) Any order modifying custodial rights.
N.C.G.S. §§ 7B-1001(1)-(4) (2003).
In its motion to dismiss, DSS asserts that not all permanency planning review orders and review orders are "final orders" subject to appellate review. Specifically, DSS asserts that a permanency planning order that does not modify "custodial rights" as contemplated by G.S. § 7B-1001(4) is not appealable and, further, that an initial permanency planning order is not an "order of disposition after an adjudication that a juvenile is abused, neglected, or dependent" within the meaning of G.S. § 7B-1001(3).
In In re Weiler, 158 N.C.App. 473, 581 S.E.2d 134 (2003), respondent appealed from a permanency planning review order changing the permanent plan from reunification to termination of parental rights. Speaking of subsection (3) of G.S. § 7B-1001, this Court held:
The present order again changed the disposition from reunification with the mother to termination of parental rights. An order that changes the permanency plan in this manner is a dispositional order that fits squarely within the statutory language of section 7B-1001.... Thus, the appeal is properly before us and petitioner's motion to dismiss is denied.
Id. at 477, 581 S.E.2d at 136-37. Thus, this Court essentially held that a "permanency planning order" was a species of "dispositional order" subject to immediate appeal. This is a very broad interpretation of the term "order of disposition" in G.S. § 7B-1001(3). Such an expansive interpretation of G.S. § 7B-1001(3) could arguably permit appeal from every review order, permanency planning order, or other genre of court order that follows an adjudication and disposition. For the following reasons, we respectfully disagree with the Weiler court's interpretation of the term "dispositional order" in G.S. § 7B-1001(3).
Our Juvenile Code contemplates distinct types of court orders, including, e.g., "adjudication" orders, N.C.G.S. § 7B-807 (2003); "dispositional" orders, N.C.G.S. § 7B-905 (2003); "review" orders, N.C.G.S. § 7B-906 (2003); "permanency planning" orders, N.C.G.S. § 7B-907 (2003); orders on "termination of parental rights", N.C.G.S. § 7B-1109, *890 et seq. (2003); and post-termination of parental rights review orders, N.C.G.S. § 7B-908 (2003). Each category of orders addresses a different objective in the larger context of a juvenile proceeding. Further, the varying names that the legislature gave these orders leads us to the inescapable conclusion that the General Assembly did not intend that every juvenile court order be a "final order" subject to immediate appeal. In our view, the statutory language of G.S. § 7B-1001(3), referring to an "order of disposition after an adjudication that a juvenile is abused, neglected, or dependent", means the dispositional order that is entered after an adjudication under G.S. § 7B-905, and does not mean every permanency planning, review, or other type of order entered at some unspecified point following such a disposition.
This interpretation results in a logical application of G.S. § 7B-1001(3) for numerous reasons. First, the express goal of G.S. § 7B-907(a) is "to develop a plan to achieve a safe, permanent home for the juvenile within a reasonable period of time." Thus, the General Assembly did not intend to allow a party to frustrate and delay a trial court's ability to achieve permanency for children by means of endless appeals. Second, an examination of our Juvenile Code and its practical application reveals awareness by the General Assembly that some juvenile court actions might evade appellate review as a matter of right, or might be appealable only at some later juncture. See In re Laney, 156 N.C.App. 639, 577 S.E.2d 377 (2003) (appeal from temporary disposition order after adjudication dismissed). Thirdly, we disagree with any suggestion that a permanency planning order that changes the goal from reunification to adoption "should" be tantamount to a "final order" and therefore appealable under G.S. § 7B-1001(3). Although such an order may trigger changes in the actions of DSS, it nonetheless makes no change to that which is of central import to parents, DSS and other persons interested in a juvenile proceeding  custodial rights. Additionally, the language of G.S. § 7B-1001 does not indicate that such an order is immediately appealable. Fourth, repeated interim appeals unnecessarily delay resolution of juveniles' cases, thus fostering an extended period of uncertainty and instability-again in sharp conflict with "develop[ing] a plan to achieve a safe, permanent home for the juvenile within a reasonable period of time." See G.S. § 7B-907(a). Fifth, the fact our Juvenile Code prescribes time targets for hearings suggests the legislature believed that persons' appellate rights would be fairly protected by allowing appeals only at the discrete junctures set forth in G.S. §§ 7B-1001 and 7B-1113 because the juvenile court would be required to act within such deadlines. See, e.g., N.C.G.S. § 7B-506 (2003) (nonsecure custody); N.C.G.S. § 7B-801(c) (2003) (adjudication); N.C.G.S. § 7B-906 (review hearings); G.S. § 7B-907 (permanency planning hearings); N.C.G.S. § 7B-907(e) (2003) (when petition for termination of parental rights must be filed); and N.C.G.S. § 7B-908(b) (2003) (post-termination of parental rights hearings). Finally, intermittent juvenile appeals will inevitably prolong the involvement of the courts in most cases, something abhorrent to many parents who appeal the orders of the juvenile court. This is because the majority of our appellate decisions do not preclude further assertions of jurisdiction over the juvenile by the district court.
In sum, the suggestion that parents have an immediate appeal of right from every review order, or every initial and subsequent permanency planning order, because of the language in G.S. § 7B-1001(3): (1) contradicts the language and plain meaning of the statute; (2) frustrates the stated legislative purpose of achieving permanency for children in a timely manner; (3) does not serve the interests of children within the jurisdiction of our juvenile court; (4) is not essential to protect the rights and interests of parents; and (5) frustrates our courts' ability to meet the needs of children. We respectfully disagree with the holding in Weiler, and express our concern that an expansive interpretation and application of G.S. § 7B-1001(3) may *891 paralyze our juvenile courts' ability to function.
We next consider whether Weiler controls the outcome of DSS' motion to dismiss the present appeal. See In re Appeal from Civil Penalty Assessed for Violations of Sedimentation Pollution Control Act, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("[A] panel of the Court of Appeals is bound by a prior decision of another panel of the same court addressing the same question, but in a different case, unless overturned by an intervening decision from a higher court."). In Weiler, the permanency planning order on appeal changed the plan from reunification to adoption. The order on appeal here is not such an order, not only because it was an initial permanency planning order but also because it repeats the previous directives of the court that reunification be ceased. We therefore limit the holding of Weiler to the specific facts of that case, and decline to extend its reasoning further.
The present appeal is dismissed because the order on appeal is not a final order under G.S. § 7B-1001.
Dismissed.
Judges McCULLOUGH and ELMORE concur.