623 S.E.2d 61 (2005)
In the Matter of C.L.S., Minor Child.
No. COA05-308.
Court of Appeals of North Carolina.
December 20, 2005.
Michael E. Casterline, Asheville, for respondent-appellant.
Goldsmith, Goldmsith & Dews, P.A., by James W. Goldsmith, Marion, for petitioner-appellee.
James C. Callahan, Rutherfordton, for guardian ad litem.
*62 ELMORE, Judge.
Respondent-mother (respondent) appeals from a permanency planning review order entered 25 August 2004 continuing legal and physical custody of her son, C.L.S., with the McDowell County Department of Social Services (DSS). Since this order is not appealable as defined by N.C. Gen.Stat. § 7B-1001, we dismiss respondent's appeal.
By an order entered 28 February 2003, custody of C.L.S. was given to DSS. That custody was continued through several additional orders, including the 25 August 2004 order from which respondent appeals. By an order entered 5 December 2003, DSS was relieved of reunification efforts with respondent-mother, although continuing efforts to reunify the child with his father. Thus, prior to the 24 June and 19 August 2004 hearings from which the 25 August 2004 order arises, respondent did not have custody of her son and the trial court had previously ceased reunification efforts. The 25 August 2004 permanency planning order, issued pursuant to a hearing on motions for review (in accord with section 7B-906) and permanency planning (in accord with section 7B-907), determined that 1) custody should continue with DSS, 2) the permanent plan for the child should be adoption, 3) DSS should pursue termination of parental rights, and 4) visitation should be ceased pending a hearing on a petition for termination of parental rights.
This order is appealable only if it is "final," and final orders are those that: 1) find the absence of jurisdiction; 2) determine the action and prevent a judgment from which appeal may be taken; 3) are dispositional orders entered after an adjudication that a juvenile is abused, neglected, or dependent; or 4) modify custodial rights. N.C. Gen.Stat. § 7B-1001 (2003).[1] We have previously discussed aspects of section 7B-1001 in In re Weiler, 158 N.C.App. 473, 581 S.E.2d 134 (2003), and In re B.N.H., 170 N.C.App. 157, 611 S.E.2d 888, disc. review denied, 359 N.C. 632, 615 S.E.2d 865 (2005). In In re Weiler, this Court held that an appeal from a permanency planning review order that altered the minor's permanent plan from reunification to adoption and termination of parental rights was in fact a "final" order under N.C. Gen. Stat. § 7B-1001(3) (2003). See In re Weiler, at 476-77, 581 S.E.2d at 136-37. However, in In re B.N.H., we determined that In re Weiler was limited to its facts, declining to extend its holding to all dispositional orders. In re B.N.H., 170 N.C.App. at 159, 611 S.E.2d at 891. Instead, the Court held that:
the suggestion that parents have an immediate appeal of right from every review *63 order, or every initial and subsequent permanency planning order, because of the language in G.S. § 7B-1001(3): (1) contradicts the language and plain meaning of the statute; (2) frustrates the stated legislative purpose of achieving permanency for children in a timely manner; (3) does not serve the interests of children within the jurisdiction of our juvenile court; (4) is not essential to protect the rights and interests of parents; and (5) frustrates our courts' ability to meet the needs of children.
Id. at 161, 611 S.E.2d at 890.
The reasoning of that Court controls this case as well. Just as in In re B.N.H., respondent here appeals from a permanency planning order that continued the custody of the child with DSS and stated that the permanent plan would be adoption. Unlike the order in In re Weiler, where the actual order appealed from changed the status quo of the relationship between the parents and the minor, here there is no change in the status quo. Custody of the minor was given to DSS by a previous order, thus the order appealed from did not alter the disposition of the child. See N.C. Gen.Stat. § 7B-903(a) (2003). As stated above, to read "order of disposition" in section 7B-1001 as broadly as necessary for respondent to appeal the order here would essentially make all orders following adjudication appealable, thereby frustrating the objectives of the Juvenile Code.
Dismissed.
Judges McCULLOUGH and LEVINSON concur.
NOTES
[1] As of 1 October 2005, this section was modified by the General Assembly. See 2005 N.C. Sess. Laws ch. 398, §§ 10 and 19. Since these revisions were not in effect at the filing of respondent's action or the petition in her case, we do not apply the revised section 7B-1001. See id. § 19.