IN THE MATTER OF: I.B, D.B., A.J., V.T.
No. COA09-348
Court of Appeals of North Carolina
Filed September 1, 2009
This case not for publication
Mercedes O. Chut for Petitioner-Appellee Guilford County Department of Social Services.
Jon W. Myers for Respondent-Appellant.
Smith, James, Rowlett & Cohen, L.L.P., by Margaret Rowlett, for Guardian ad Litem.
McGEE, Judge.
Respondent-Appellant (Respondent) appeals from an order entered 22 December 2008 dissolving her guardianship of I.B., D.B., and A.J. (the children). We dismiss Respondent's appeal because the order is a non-appealable interlocutory order.
Respondent is the maternal aunt of the children. Respondent's sister, N.G., is the children's biological mother. N.G. and the children lived in Dallas County, Texas where N.G. had an extensive history with the Texas child welfare system. The Dallas County Department of Social Services filed an action to terminate N.G.'s parental rights. However, rather than terminating N.G.'s parental rights, the Texas court entered an order dated 26 July 2007 appointing Respondent as the Sole Permanent Managing Conservator of the children, which is equivalent to guardianship in North Carolina.
N.G. moved to North Carolina in August 2007. In October 2007, N.G. reported to Guilford County Department of Social Services (Guilford County DSS) that Respondent was verbally and physically abusing the children. N.G. reported that Respondent pushed one of the children from a moving car and had physically abused all three children. Guilford County DSS obtained nonsecure custody of the children on 15 October 2007. Guilford County DSS filed an amended juvenile petition on 7 January 2008 alleging that the children were neglected and dependent juveniles.
An adjudicatory hearing was scheduled for 6 December 2007. N.G. appeared at the hearing; however Respondent did not appear. The trial court continued the hearing to allow service to be effectuated on Respondent, and to allow the trial court to determine whether jurisdiction should be with Texas or North Carolina.
A summons was issued to Respondent on 17 January 2008. Respondent accepted a certified mailing containing the summons, and return receipt for the summons was received by the trial court on 23 January 2008.
The trial court entered an order dated 12 February 2008 stating that Texas relinquished its continuing jurisdiction. The trial court's order further determined that North Carolina was the home state of the children.
The trial court held an adjudicatory hearing on 7 April 2008. Both Respondent and N.G. were present. The parties stipulated to an adjudication of dependency of the children. The parties also stipulated to N.G.'s motion to change venue from Guilford County to Durham County, and disposition was transferred to Durham County.
Durham County continued the disposition on two occasions. The Durham County Department of Social Services (Durham County DSS) filed a motion to return venue and custody back to Guilford County DSS on 12 June 2008. An order was entered in District Court in Durham County on 3 July 2008 transferring legal custody of the children back to Guilford County DSS and setting the case for disposition in District Court in Guilford County.
A dispositional hearing was held on 29 September 2008. The dispositional order continued legal and physical custody of the children with Guilford County DSS. Pursuant to the order, Guilford County DSS was "to continue to make arrangements to determine who, if anyone, should have reunification efforts, or if Termination of Parental Rights would more likely provide a more permanent, secure, and stable placement for the [children]."
The trial court scheduled a permanency planning review hearing on 30 October 2008. However, N.G. could not be present because of medical reasons and the trial court continued the hearing. Respondent was also not present. The trial court held a permanency planning hearing on 3 November 2008. Respondent was again not present at the hearing. By order entered 22 December 2008, the trial court determined that: (1) the guardianship established by the State of Texas with Respondent should be terminated, (2) the children should remain in the legal and physical custody of Guilford County DSS, and (3) the permanent plan for the children should be reunification with N.G. From this order, Respondent appeals.
N.C. Gen. Stat. § 7B-1001(a)(2007) states,
appeal of a final order of the court in a juvenile matter shall be made directly to the Court of Appeals. Only the following juvenile matters may be appealed:
(1) Any order finding absence of jurisdiction.
(2) Any order, including the involuntary dismissal of a petition, which in effect determines the action and prevents a judgment from which appeal might be taken.
(3) Any initial order of disposition and the adjudication order upon which it is based.
(4) Any order, other than a nonsecure custody order, that changes legal custody of a juvenile.
(5) An order entered under G.S. 7B-507(c) with rights to appeal properly preserved as provided in that subsection, . . . .
(6) Any order that terminates parental rights or denies a petition or motion to terminate parental rights.
In the present case, the order from which the appeal is taken does not fall in any category under N.C. Gen. Stat. § 7B-1001(a). Respondent appears to contend that the order changed custody of the children. However, that is incorrect. The children were placed in the custody of Guilford County DSS pursuant to the nonsecure custody order entered on 15 October 2007. Throughout the legal proceedings, the children remained in the legal and physical custody of either Guilford County DSS or Durham County DSS.
In In re C.L.S., 175 N.C. App. 240, 623 S.E.2d 61 (2005), our Court dismissed an appeal where the respondent appealed from a permanency planning order that continued custody of the child with the Department of Social Services and stated that the permanent plan would be adoption. Our Court reasoned that "there [was] no change in the status quo. Custody of the minor was given to DSS by a previous order, thus the order appealed from did not alter the disposition of the child." Id. at 242, 623 S.E.2d at 63. Here, as in C.L.S., the permanency planning order from which Respondent attempts to appeal does not change the status quo, as physical and legal custody of the children remain with DSS. Id.
Because the 22 December 2008 order does not change the legal custody of the children, N.C. Gen. Stat. § 7B-1001(a)(4) does not provide Respondent with an immediate right to appeal. We find no other provision in N.C. Gen. Stat. § 7B-1001(a) that confers upon Respondent an immediate right to appeal the 22 December 2008 order. Because this order does not constitute a "final order" pursuant to N.C. Gen. Stat. § 7B-1001(a), it is interlocutory. In re B.P., S.P., R.T., 169 N.C. App. 728, 729-32, 612 S.E.2d 328, 329-31 (2005) (citations omitted); see also In re B.N.H., 170 N.C. App. 157, 158, 611 S.E.2d 888, 889 (2005) (these opinions were filed before the amendment of N.C. Gen. Stat. §7B-1001, but the relevant reasoning is unaffected by the amendment of that statute). Respondent does not argue that the 22 December 2008 interlocutory order affects a substantial right, nor does she contend that it was properly certified by the trial court for immediate appeal pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b) (2007). B.P., S.P., R.T., 169 N.C. App. at, 731, 612 S.E.2d at 330 (citations omitted). Therefore, this interlocutory order is not properly before us on appeal. Hamby v. Profile Prods., L.L.C., 361 N.C. 630, 634, 652 S.E.2d 231, 234 (2007). Respondent's appeal is dismissed.
Dismissed.
Judges CALABRIA and JACKSON concur.
Report per Rule 30(e).